

# FILED

OCT **2 7** 2010

CLERK, U.S. DISTRICT COURT
**EASTERN** DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

KIRK DOUGLAS WILLIAMS
(Name of Plaintiff)
F44523 P.O.BOX 2500 CMF
(Address of Plaintiff)
VACAVILLE CA.95696-2500

2:10-CV-2893 KJM
(Case Number)

vs.

**COMPLAINT**

STATE OF CALIFORNIA

AND ITS POLITICAL

SUBDIVISIONS,ET,AL;

(Names of Defendants)

I. Previous Lawsuits:

    A.  Have you brought any other lawsuits while a prisoner: ☒Yes ☐ No

    B.  If your answer to A is yes, how many?: ___2___ Describe the lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

      1.  Parties to this previous lawsuit:

        Plaintiff   KIRK DOUGLAS WILLIAMS

        Defendants   TOM FELKNER ET. AL DEFENDANTS

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983       Rev'd 5/99

2. Court (if Federal Court, give name of District; if State Court, give name of County)

UNited States DistRict CouRT EAStERN DistRict

3. Docket Number _____ CiV - S-08-0878 LKK-G GII-P

4. Name of judge to whom case was assigned _____ GRegoRy G Hollows

5. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)
_____ Still pENdiNg

6. Approximate date of filing lawsuit _____

7. Approximate date of disposition _____

## II. Exhaustion of Administrative Remedies

A. Is there a grievance procedure available at your institution?    ☒ Yes    ☐ No ·-

B. Have you filed a grievance concerning the facts relating to this complaint?
☒ Yes    ☐ No

If your answer is no, explain why not _____

C. Is the grievance process completed?    ☒ Yes    ☐ No

## III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

A. Defendant _____ SEE AttachEd _____ is employed as _____
ComplAint _____ at _____

B. Additional defendants _____ SEE Attached ComplAint

_____

_____

_____

_____

_____

2

I. Previous Lawsuits:

    A. Have you brought any other lawsuits while a prisoner:   ☒ Yes    ☐ No

    B. If your answer to A is yes, how many?: _____2_____ Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

        1. Parties to this previous lawsuit:

            Plaintiff____KIRK Douglas WILLIAMS____

            Defendants____MATHEW TATE Ef, AL____

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983    Rev'd 5/99

3

2. Court (if Federal Court, give name of District; if State Court, give name of County)

_UNITed States District Couet EASTern Dist_

3. Docket Number _2:08- CV- 2242 SRT_

4. Name of judge to whom case was assigned _SRT_

5. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)
_DISMISSED without preJudice_

6. Approximate date of filing lawsuit _UNKNOWN_

7. Approximate date of disposition _UNKNOWN_

II. Exhaustion of Administrative Remedies

A. Is there a grievance procedure available at your institution?   ☑ Yes      ☐ No

B. Have you filed a grievance concerning the facts relating to this complaint?
   ☑ Yes      ☐ No

   If your answer is no, explain why not _____

C. Is the grievance process completed?      ☑ Yes      ☐ No

III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

A. Defendant _____ is employed as _____
   _____ at _____

B. Additional defendants _____
   _____
   _____
   _____
   _____

4

IV.    Statement of Claim

(State here as briefly as possible the <u>facts</u> of your case.  Describe how each defendant is involved, including dates and places.  Do not give any legal arguments or cite any cases or statutes.  Attach extra sheets if necessary.)

*SEE Attached*

V. Relief.

(State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.)

*SEE Attached*

Signed this _23_ day of _October_, 20_10_.

_____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

_October 23, 2010_
    (Date)

_____
(Signature of Plaintiff)

5

Kirk Douglas Williams
F-44523
California Medical Facility
P.O. Box 2500
Vacaville CA 95696-2500
Plaintiff In Pro se


IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Kirk Douglas Williams,                    Case No.

      Plaintiff,

V.

The State of California, and its
Political Subdivisions, Sacramento
County, Lasses County, San Francisco
County, California Department of
Corrections and Rehabilitation,  Duly organized and
Recognized Agency of the State of California,
 Matthew Cates,  Secretary of the Department of
 Corrections and Rehabilitation,
M.D.McDonald Chief Deputy Warden,
,High Desert State Prison,
 R.L. Glover Associate Warden of Central Operations,
,High Desert State Prison,
S.M. Roche, MD.Chief Medical Officer High Desert State Prison,
J. Kirch, DDP, Teacher , High Desert State Prison,
Ken Clark,  Warden California Substance Abuse  treatment
 Facility /State Prison -Corcoran,R. Fisher Jr. Associate
Warden  (A),California Substance Abuse  Treatment
Facility /State      Prison-Corcoran, M. Jones Correctional
Sergeant at , California     Substance Abuse Treatment
Facility /State Prison-Corcoran,
   A. Enenmoh, MD., Chief Medical Officer ,
 California Substance Abuse Treatment Facility/State Prison-
Corcoran,
   M. Vella Correctional Counselor II ADA , California
 Substance Abuse  Treatment Facility/State Prison-Corcoran,

G. Martinez, CHSA II Correctional Health Care
  Administrator II California Substance Abuse Treatment
Facility/State Prison-Corcoran, , L. Polk Associate Warden
of Education, California Substance Abuse Treatment Facility
/State Prison-Corcoran, P. Medved, Principal,,California
Substance Abuse Treatment Facility/State Prison-Corcoran,
Ms. Lima, L.T.A.California Substance Abuse Treatment
Facility/State Prison-Corcoran, Kathleen L. Dickinson,
Warden California Medical Facility,
 E.S. Arnold Associate Warden,
Central Services,California Medical Facility,
P. Mandeville ADA Coordinator California Medical Facility,
, J. Jackson,Principal of education California Medical Facility,  Y
Cheng, Senior Librarian California Medical Facility. Sanchez,
Librarian Tech Assistant California Medical Facility,N.  Grannis,
Chief Inmate Appeals Branch,
 D.  Poston, Chief Inmate Appeals Branch,
              Does 1 through 100
              Defendants,

---

## COMPLAINT

**COME THE PLAINTIFF KIRK DOUGLAS WILLIAMS , IN PROPRIA PERSONA**

**WHO WOULD HEREBY SUE THE DEFENDANTS NOTED ABOVE AND FOR CAUSE WOULD SHOW AS**

**FOLLOWS:**

**I**

### PARTIES

**(a) PLAINTIFF KIRK DOUGLAS WILLIAMS, WAS AT ALL TIMES RELEVANT A PRETRIAL DETAINEE,**

**DEFENDANT IN A CRIMINAL STATE  COURT PROCEEDINGS, WHICH THE PLAINTIFF KIRK DOUGLAS**

**WILLIAMS, ELECTED TO PROCEED IN THE CRIMINAL MATTER IN PROPRIA  PERSONA , WHICH**

**RESULTED  IN  THE  CONVICTION  OF  THE  PLAINTIFF  AND  CURRENT  IMPRISONMENT  AND**

**CONFINEMENT  IN  THE  STATE  OF  CALIFORNIA  DEPARTMENT  OF  CORRECTIONS  AND**

**REHABILITATION AND THAT PLAINTIFF HAS BEEN HELD AND DEPRIVED OF HIS LIBERTY AT HIGH**

**DESERT STATE PRISON (HDSP), AND CALIFORNIA SUBSTANCE TREATMENT FACILITY /STATE**

**PRISON CORCORAN(CSATF/SP-CORCORAN, AND CALIFORNIA MEDICAL FACILITY(CMF), AND THAT**

**AT ALL TIMES HEREIN HE IS A QUALIFIED INDIVIDUAL WITH A DISABILITY AS DEFINED BY 42 U.S.C.**

12131(2) IN THAT HE IS VISUALLY IMPAIRED WITH VISION THAT CANNOT BE CORRECTED TO 20/200 WITH THE CORRECTION OF LENS, HE CANNOT READ HANDWRITTEN OR TYPED MATERIAL WITHOUT MAGNIFICATION, HE CANNOT SEE CLEARLY GENERALLY EVEN WITH THE CORRECTION OF LENS, PLAINTIFF KIRK DOUGLAS WILLIAMS, IS A CITIZEN OF THE UNITED STATES OF AMERICA, AND A RESIDENT OF THE STATE OF CALIFORNIA, AND AT ALL TIMES RELEVANT HE RESIDED IN THE COUNTY OF SACRAMENTO, AND COUNTY OF LASSES, AND THAT HE ATTEMPTED TO ACCESS SERVICES IN THE COUNTY OF SAN FRANCISCO, WHICH IS ALSO THE SUBJECT MATTER OF THIS COMPLAINT.

(b) THE DEFENDANT THE STATE OF CALIFORNIA IS A POLITICAL SUBDIVISION OF THE UNITED STATES OF AMERICA AND AS SUCH IT AND ITS POLITICAL SUBDIVISIONS ARE SUBJECT TO THE LAWS OF THE UNITED STATES OF AMERICA. THEY ARE SPECIFICALLY CHARGED UNDER THE TERMS OF THE UNITED STATES CONSTITUTION AND THE CALIFORNIA CONSTITUTION WITH PROVIDING THE SERVICES OF COURTS AND JUDICIAL PROCEEDINGS AN AMONG THOSE IS ACCEPTING AND PROCESSING AND EVALUATING PETITIONS FOR WRIT OF HABEAS CORPUS OR OTHER POST CONVICTION COLLATERAL ATTACKS ON CRIMINAL CONVICTIONS AND TO PERMIT ACCESS TO IT'S COURT'S RECORDS THAT ARE MAINTAINED AT THE COURTHOUSES WHICH ARE AVAILABLE FOR NONDISABLED AND DISABLED PERSONS AND OTHER MANIFESTATION OF THAT PROCESS, SUCH AS COURTROOMS, CLERK'S OFFICES AND PUBLIC MEETING ROOMS THAT ARE CONDUCTED IN THE COURTHOUSES OF THE STATE OF CALIFORNIA  SACRAMENTO, LASSEN, SAN FRANCISCO COUNTIES AND THAT CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION , IS A DULY ORGANIZED AND RECOGNIZED AGENCY OF THE STATE OF CALIFORNIA ARE ALL  POLITICAL SUBDIVISIONS OF THE STATE OF CALIFORNIA AND ARE REQUIRED UNDER THE CONSTITUTION OF THE STATE OF CALIFORNIA TO PROVIDE SERVICES TO ALL PERSONS INCLUDING CITIZENS OF THIS STATE AND QUALIFIED INDIVIDUALS WITH DISABILITIES AS DEFINED 42 U.S.C.§12131 ARNOLD SCHWARZENEGGER, IS THE CHIEF EXECUTIVE OFFICER OF THE STATE OF CALIFORNIA   EACH OF THE NAMED COUNTIES HAS AN INDIVIDUAL

COUNTY EXECUTIVE UPON WHOM SERVICE OF PROCESS SHALL BE PROVIDED AND THAT CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION WHICH HAS THE ULTIMATE DUTY OF CARE OF THE PLAINTIFF WHILE HE IS INCARCERATED AND DEPRIVED OF HIS LIBERTY AND HELD  IN CONFINEMENT SERVING OUT HIS TERM OF COMMITMENT IN  THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, AND AS THE ENTITY OF HAVING THE ULTIMATE RESPONSIBILITY OF CARE INCLUDES THE DUTY TO ADHERE TO THE LETTER AND SPIRIT OF THE AMERICANS WITH DISABILITIES ACT(ADA),

AND TO ACCOMMODATE AND MAKE AVAILABLE TO PLAINTIFF THOSE PROGRAMS TO WHICH HE IS ENTITLED BUT FROM WHICH HE WERE EXCLUDED FROM AND DISCRIMINATED BECAUSE OF HIS DISABILITY.

(e) PLAINTIFF IS INFORMED AND BELIEVES, AND THEREON ALLEGES, THAT THE DEFENDANT MATTHEW CATES,  AT ALL TIMES RELEVANT HEREIN IS  EMPLOYED AS THE SECRETARY OF THE STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, PLAINTIFF IS FURTHER INFORMED AND BELIEVES AND THEREON ALLEGES, THAT DEFENDANT MATTHEW CATES,  WILL BE LEAVING THE POSITION IN THE NEAR FUTURE, WHERE UPON PLAINTIFF WILL SEEK TO AMEND THE COMPLAINT TO ADD THE NEW SECRETARY AS A DEFENDANT, AS NECESSARY , AN AS THE SECRETARY MATTHEW CATES, IS AND HAS BEEN RESPONSIBLE FOR FORMULATING, SUPERVISING THE PROMULGATION OF, IMPLEMENTATION, SUPERVISING, THE IMPLEMENTATION OF MONITORING COMPLIANCE WITH, ENFORCING AND/OR SUPERVISING, THE ENFORCEMENT OF POLICY AND PRACTICES AFFECTING THE BENEFIT OF SERVICES AND PROGRAMS AN ACTIVITIES AFFECTING THE ACCESSIBILITY OF SUCH SERVICES AND PROGRAMS AND ACTIVITIES OF ALL INMATES WITHIN THE STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, INCLUDING PERSONS WITH DISABILITIES AS DEFINED BY 42 U.S.C. § 12131(2). IN THIS POSITION DEFENDANT MATTHEW CATES,  IS AND HAS BEEN RESPONSIBLE FOR ASSURING THAT ALL INMATES RECEIVE EQUAL ACCESS TO SERVICES, PROGRAMS, AND ACTIVITIES WHICH INCLUDES THOSE SERVICES, PROGRAMS AND ACTIVITIES OFFERED TO PERSONS THAT ARE

SIMILARLY SITUATED AS THE PLAINTIFF BEING AFFORDED REASONABLE ACCOMMODATIONS SUCH A MINIMUM CONSTITUTIONAL STANDARD OF ACTUAL USE OF THE PRISON LAW LIBRARY WHERE AUXILIARY AIDS ARE MADE AVAILABLE AND SUCH AS TRANSCRIPTION OF PRINT MATERIAL ON AUDIO CASSETTE TAPE.

(d) THE DEFENDANT M.D. McDOMALD, IS AND HAS BEEN AT ALL TIMES HEREIN RELEVANT A CHIEF DEPUTY WARDEN, AN ADMINISTRATIVE OFFICER OF THE HIGH DESERT STATE PRISON,(HDSP), AND HE EITHER AUTHORIZED, RATIFIED, OR IS VICARIOUSLY LIABLE FOR THE CONDUCT ALLEGED HEREIN AS WILL MORE FULLY APPEAR HEREINAFTER.

(d) DEFENDANT R.L. GOWER, IS AND HAS BEEN AT ALL TIMES HEREIN RELEVANT WAS EMPLOYED AS THE ASSOCIATE WARDEN CENTRAL OPERATION OF HIGH DESERT STATE PRISON(HDSP), AND THAT EITHER AUTHORIZED, RATIFIED, OR IS VICARIOUSLY LIABLE FOR THE CONDUCT ALLEGED HEREIN AND THAT HE PARTICIPATED IN THE ACTS/OMISSIONS COMPLAINED OF AS WILL MORE FULLY APPEAR HEREINAFTER.

(e) DEFENDANT S.M. ROCHE, MD., IS AND HAS BEEN AT ALL TIMES HEREIN RELEVANT WAS EMPLOYED AS CHIEF MEDICAL OFFICER OF HIGH DESERT STATE PRISON (HDSP), AND EITHER AUTHORIZED, RATIFIED, OR IS VICARIOUSLY LIABLE FOR, THE CONDUCT ALLEGED HEREIN AND HE PARTICIPATED IN THE ACTS/OMISSIONS COMPLAINED OF AS WILL MORE FULLY APPEAR HEREINAFTER.

(f) DEFENDANT J. KIRCH, IS AND HAS BEEN AT ALL TIMES HEREIN RELEVANT WAS EMPLOYED AS DEVELOPMENTAL DISABLED PROGRAM TEACHER, WHO ALSO FACILITATED PROVIDING ASSISTANCE TO OTHER DISABLED PERSON, AND EITHER AUTHORIZED, RATIFIED, OR IS VICARIOUSLY LIABLE FOR THE CONDUCT ALLEGED HEREIN AND THAT SHE PARTICIPATED IN THE ACTS/OMISSIONS COMPLAINED OF AS WILL MORE FULLY APPEAR HEREINAFTER.

(g) DEFENDANT KEN CLARK, IS AND HAS BEEN AT ALL TIMES HEREIN RELEVANT WAS EMPLOYED AS WARDEN OF CALIFORNIA SUBSTANCE ABUSE TREATMENT FACILITY/STATE PRISON-CORCORAN (CSATF/SP-CORCORAN)AND AS SUCH HE IS THE SUPERIOR ADMINISTRATIVE OFFICER AND THAT

HE PARTICIPATED IN THE ACTS/OMISSIONS COMPLAINED OF AND   EITHER AUTHORIZED, RATIFIED, OR IS VICARIOUSLY LIABLE FOR THE CONDUCT ALLEGED HEREIN AS WILL MORE FULLY APPEAR HEREINAFTER.

(h) DEFENDANT R. FISHER, Jr. IS AND HAS BEEN AT ALL TIMES HEREIN RELEVANT WAS EMPLOYED AS THE ASSOCIATE WARDEN (A) COMPLEX-1, CALIFORNIA SUBSTANCE ABUSE TREATMENT FACILITY/STATE PRISON-CORCORAN(CSATF/SP-CORCORAN) AND THAT HE PARTICIPATED IN THE ACTS/OMISSIONS COMPLAINED OF AND  EITHER AUTHORIZED, RATIFIED, OR IS VICARIOUSLY LIABLE FOR, THE CONDUCT ALLEGED HEREIN AS WILL MORE FULLY APPEAR HEREINAFTER.

(I) DEFENDANT M.  JONES, IS AND HAS BEEN AT ALL TIMES RELEVANT WAS EMPLOYED AS A CORRECTIONAL SERGEANT CALIFORNIA SUBSTANCE ABUSE TREATMENT FACILITY/STATE PRISON-CORCORAN,(CSATF/SP-CORCORAN)AND EITHER AUTHORIZED, RATIFIED, OR IS VICARIOUSLY LIABLE FOR, THE CONDUCT ALLEGED HEREIN AND THAT HE PARTICIPATED IN THE ACTS/OMISSIONS COMPLAINED O AS WILL MORE FULLY APPEAR HEREINAFTER.

(I) DEFENDANT A.  ENENMOH, MD.  IS AND HAS BEEN AT ALL TIMES HEREIN RELEVANT WAS EMPLOYED AS A CHIEF MEDICAL OFFICER AT CALIFORNIA SUBSTANCE ABUSE TREATMENT FACILITY/STATE  PRISON-CORCORAN(CSATF/SP-CORCORAN)AND EITHER AUTHORIZED, OR RATIFIED OR IS VICARIOUSLY LIABLE FOR, THE CONDUCT ALLEGED HEREIN AND THAT HE PARTICIPATED IN THE ACTS/OMISSIONS COMPLAINED OF  AS WILL MORE FULLY APPEAR HEREINAFTER.

(j) DEFENDANT M.  VELLA, IS AND HAS BEEN AT ALL TIMES HEREIN RELEVANT WAS EMPLOYED AS CORRECTIONAL COUNSELOR II-AMERICANS WITH DISABILITIES ACT,(ADA) CALIFORNIA SUBSTANCE ABUSE TREATMENT FACILITY/STATE PRISON-CORCORAN (CSATF/SP-CORCORAN), AND EITHER AUTHORIZED, RATIFIED, OR IS VICARIOUSLY LIABLE FOR, THE CONDUCT ALLEGED HEREIN AND THAT HE PARTICIPATED IN THE ACTS/OMISSIONS COMPLAINED OF AS WILL MORE FULLY APPEAR HEREINAFTER.

(k) DEFENDANT G.  MARTINEZ, IS AND HAS BEEN AT ALL TIMES HEREIN RELEVANT WAS

EMPLOYED CHSA II CORRECTIONAL HEALTH CARE ADMINISTRATOR, AT CALIFORNIA SUBSTANCE ABUSE TREATMENT FACILITY/STATE PRISON-CORCORAN (CSATF/SP-CORCORAN, AND EITHER AUTHORIZED, RATIFIED, OR IS VICARIOUSLY LIABLE FOR, THE CONDUCT ALLEGED HEREIN AND THAT HE/SHE PARTICIPATED IN THE ACTS/OMISSIONS COMPLAINED OF AS WILL MORE FULLY APPEAR HEREINAFTER.

(l) DEFENDANT L.  POLK, IS AND HAS BEEN AT ALL TIMES HEREIN RELEVANT WAS EMPLOYED AS ASSOCIATE WARDEN OF EDUCATION AT CALIFORNIA SUBSTANCE ABUSE TREATMENT FACILITY/STATE PRISON-CORCORAN (CSATF/SP-CORCORAN, AND EITHER AUTHORIZED, RATIFIED, OR IS VICARIOUSLY LIABLE FOR, THE CONDUCT ALLEGED HEREIN AND THAT HE PARTICIPATED IN THE ACTS/OMISSIONS COMPLAINED OF  AS WILL APPEAR MORE FULLY HEREINAFTER.

(m) DEFENDANT P.  MEDVED, IS AND HAS BEEN AT ALL TIMES HEREIN RELEVANT WAS EMPLOYED AS THE PRINCIPLE OF EDUCATION AT CALIFORNIA SUBSTANCE ABUSE TREATMENT FACILITY/STATE PRISON-CORCORAN(CSATF/SP-CORCORAN, AND EITHER AUTHORIZED, RATIFIED, OR IS VICARIOUSLY LIABLE FOR, THE CONDUCT ALLEGED HEREIN AND THAT HE/SHE PARTICIPATED IN THE ACTS/OMISSIONS COMPLAINED OF AS WILL MORE FULLY APPEAR HEREINAFTER.

(n) DEFENDANT L.  LIMA, IS AND HAS BEEN AT ALL TIMES HEREIN RELEVANT WAS EMPLOYED AS LIBRARY TECHNICAL ASSISTANT, AT CALIFORNIA SUBSTANCE ABUSE FACILITY/STATE PRISON-CORCORAN (CSATF/SP-CORCORAN, DEF AND EITHER AUTHORIZED, RATIFIED, OR IS VICARIOUSLY LIABLE FOR THE CONDUCT THAT IS ALLEGED HEREIN AND THAT SHE PARTICIPATED IN THE ACTS/OMISSIONS COMPLAINED OF AS WILL MORE FULLY APPEAR HEREINAFTER.

(o) DEFENDANT KATHLEEN L.  DICKINSON, IS AND HAS BEEN AT ALL TIMES HEREIN RELEVANT IS EMPLOYED AS THE WARDEN OF CALIFORNIA MEDICAL FACILITY,(CMF) AND EITHER AUTHORIZED, RATIFIED, OR IS VICARIOUSLY LIABLE FOR THE CONDUCT ALLEGED HEREIN AND THAT SHE PARTICIPATED IN THE ACTS/OMISSIONS COMPLAINED  AS WILL MORE FULLY APPEAR HEREINAFTER.

(p) DEFENDANT E.S. ARNOLD, IS AND HAS BEEN AT ALL TIMES RELEVANT HEREIN EMPLOYED AS ASSOCIATE WARDEN CENTRAL SERVICES,CALIFORNIA MEDICAL FACILITY, AND EITHER AUTHORIZED, RATIFIED OR IS VICARIOUSLY LIABLE FOR , THE CONDUCT ALLEGED HEREIN AND THAT HE PARTICIPATED IN THE ACTS/OMISSIONS COMPLAINED OF AS WILL MORE FULLY APPEAR HEREINAFTER.

(q) DEFENDANT P. MANDEVILLE, IS AND HAS BEEN AT ALL TIMES RELEVANT HEREIN EMPLOYED AS AN (ADA) COORDINATOR AT CALIFORNIA MEDICAL FACILITY (CMF), AND EITHER AUTHORIZED, RATIFIED,OR IS VICARIOUSLY LIABLE FOR, THE CONDUCT ALLEGED HEREIN, AND THAT SHE PARTICIPATED IN THE ACTS/OMISSIONS COMPLAINED OF AS WILL MORE FULLY APPEAR HEREINAFTER.

(r) DEFENDANT J. JACKSON, IS AND HAS BEEN AT ALL TIMES RELEVANT HEREIN EMPLOYED AS THE PRINCIPAL OF EDUCATION AT CALIFORNIA MEDICAL FACILITY (CMF), AND EITHER AUTHORIZED, RATIFIED, OR IS VICARIOUSLY LIABLE FOR, THE CONDUCT ALLEGED HEREIN, AND THAT HE PARTICIPATED IN THE ACTS/OMISSIONS COMPLAINED OF AS WILL MORE FULLY APPEAR HEREINAFTER.

(s) DEFENDANT Y. CHENG, IS AND HAS BEEN AT ALL TIMES RELEVANT HEREIN EMPLOYED AS THE SENIOR LIBRARIAN AT CALIFORNIA MEDICAL FACILITY(CMF), AND EITHER AUTHORIZED, RATIFIED, OR IS VICARIOUSLY LIABLE FOR THE CONDUCT ALLEGED HEREIN, AND THAT HE PARTICIPATED IN THE ACTS/OMISSIONS COMPLAINED OF AS WILL MORE FULLY APPEAR HEREINAFTER.

(t DEFENDANT L. SANCHEZ, IS AND HAS BEEN AT ALL TIMES RELEVANT HEREIN EMPLOYED AS A LIBRARIAN TECHNICAL ASSISTANT AT CALIFORNIA MEDICAL FACILITY, (CMF) AND EITHER AUTHORIZED, RATIFIED, OR IS VICARIOUSLY LIABLE FOR THE CONDUCT ALLEGED HEREIN, AND THAT HE PARTICIPATED IN THE ACTS/OMISSIONS COMPLAINED OF AS WILL MORE FULLY APPEAR HEREINAFTER.

(u) DEFENDANT N. GRANNIS, IS AND HAS BEEN AT ALL TIMES RELEVANT HEREIN EMPLOYED AS

THE CHIEF INMATE APPEAL OFFICER WITHIN CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,(CDCR), AND EITHER SHE/HE AUTHORIZED, RATIFIED, OR IS VICARIOUSLY LIABLE FOR THE CONDUCT ALLEGED HEREIN, AND THAT SHE/HE PARTICIPATED IN THE ACTS/OMISSIONS COMPLAINED OF AS WILL MORE FULLY APPEAR HEREINAFTER .

(v ) DEFENDANT D.  POSTON , IS AND HAS BEEN AT ALL TIMES RELEVANT HEREIN EMPLOYED AS THE CHIEF INMATE APPEAL , WITHIN CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION(CDCR) AND EITHER SHE/HE AUTHORIZED, RATIFIED, OR IS VICARIOUSLY LIABLE FOR THE CONDUCT ALLEGED HEREIN, AND THAT SHE/HE PARTICIPATED IN THE ACTS/OMISSIONS COMPLAINED OF AS WILL MORE FULLY APPEAR HEREINAFTER

(w) DEFENDANTS DESIGNATED HEREIN AS DOES 1 THROUGH 100 INCLUSIVE, CONSIST OF INDIVIDUALS OTHER THAN Acting DIRECTOR OR DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION HEREINAFTER CALLED CDCR, SAID INDIVIDUALS WHO WERE OR ARE CURRENTLY EMPLOYED BY THE CDCR, AND ARE RESPONSIBLE FOR FORMULATING,SUPERVISING THE PROMULGATION OF IMPLEMENTATION, SUPERVISING, THE IMPLEMENTATION OF MONITORING COMPLIANCE WITH, ENFORCING AND/OR SUPERVISING, THE ENFORCEMENT OF POLICY AND PRACTICE AFFECTING THE BENEFIT OF SERVICES AND PROGRAMS AN ACTIVITIES AFFECTING THE ACCESSIBILITY OF SUCH SERVICES AND PROGRAMS AN ACTIVITIES OF ALL INMATES WITHIN THE STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION , INCLUDING PERSONS WITH DISABILITIES AS DEFINED BY 42 U.S.C. §12131(2).  AND THAT PLAINTIFF IS INFORMED AND BELIEVES, AND THEREON ALLEGES, EACH OF THESE DOE DEFENDANTS 1 THROUGH 100 IS RESPONSIBLE IN SOME MANNER FOR THE INJURIES ALLEGED IN THIS COMPLAINT .  AT ALL TIMES HEREIN MENTIONED THESE DEFENDANTS WERE ACTING UNDER THE COLOR OF STATE LAW, IN THE COURSE AND SCOPE OF THEIR EMPLOYMENT, AND ARE SUED HEREIN IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES. HE TRUE NAMES AND CAPACITIES OF SAID DOES 1 THROUGH 1`00 ARE PRESENTLY UNKNOWN TO PLAINTIFF, WHO THEREFORE SUES THEM BY SUCH FICTITIOUS NAMES AND WILL SEEK LEAVE TO AMEND THIS COMPLAINT TO ADD

TRUE NAMES AND CAPACITIES WHEN THEY HAVE BEEN ASCERTAINED.

## II

## JURISDICTION

2.1  THIS ACTION ARISES UNDER THE FEDERAL DECLARATORY JUDGMENT ACT tit. 28 U.S.C.A. § 2201, AND THE FIRST, FIFTH. SIXTH AND EIGHTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND THAT PLAINTIFF SEEKS A PERMANENT INJUNCTION PREVENTING DEFENDANTS CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,  FROM CONTINUING THEIR POLICIES AND/OR PRACTICES VIOLATING PLAINTIFF'S PROTECTED CONSTITUTIONAL RIGHTS UNDER THE COLOR OF STATE LAW .

2.2   JURISDICTION IS CONFERRED ON THIS COURT AN IS AUTHORIZED BY 42 U.S.C. § 1983.  TO ADDRESS THE DEPRIVATION UNDER COLOR OF STATE LAW OF RIGHTS SECURED BY THE UNITED STATES CONSTITUTION.

2.3 THIS COURT HAS JURISDICTION UNDER 28 U.S.C. §§ 1331 AND 1343(a)(3), PLAINTIFF CLAIM FOR INJUNCTIVE RELIEF ARE AUTHORIZED BY 28 U.S.C. §§ 2283, 2284 AND RULE 65 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

2.4  THIS COURT HAS PENDANT JURISDICTION TO ADJUDICATE CLAIMS ARISING UNDER CALIFORNIA LAW.

2.5  JURISDICTION IS FURTHER CONFERRED ON THE COURT OVER MATTERS CONTAINED IN THE COMPLAINT PURSUANT TO THE AMERICANS WITH DISABILITY ACT("ADA")42 U.S.C. § 12131 et seq, 29 U.S.C. 794a , AND 28 C.F.R. 35.101 et seq.

## III

## VENUE

3.1   VENUE IS PROPER IN THIS JUDICIAL DISTRICT BY VIRTUE OF 28 U.S.C. § 1391 (a), IN THAT THE CLAIMS AROSE IN THE EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO COUNTY COURTS, LASSES COUNTY COURT, AND CONTINUING VIOLATION TO NOT PROVIDE REASONABLE ACCOMMODATIONS, WITHIN THE MEANING OF THE AMERICANS WITH DISABILITIES ACT TO

VISUALLY IMPAIRED LITIGANT DURING PERIOD OF TIME TO MAKE A COLLATERAL ATTACK ON CRIMINAL CONVICTION THAT THE CALIFORNIA SUPREME COURT IN THE SAN FRANCISCO COUNTY FAILED TO PROVIDE.

IV

DEMAND FOR JURY TRIAL

4.1  PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY OF ALL ISSUES TRIABLE OF RIGHT BY JURY.

V

PLAINTIFF WILLIAMS'S PROCEDURAL HISTORY

5.1   THAT AS NOTED ABOVE THE PLAINTIFF KIRK DOUGLAS WILLIAMS, IS A VISUALLY IMPAIRED PERSON AND AS SUCH IS A QUALIFIED INDIVIDUAL WITH A DISABILITY AS DEFINED BY 42 U.S.C. 12131(2).

5.2   ON OR ABOUT APRIL 25, 2006.  THE STATE OF CALIFORNIA IN AND FOR THE COUNTY  OF SACRAMENTO BROUGHT A STATE CRIMINAL ACTION AGAINST THE PLAINTIFF KIRK DOUGLAS WILLIAMS, HEREINAFTER REFERRED TO AS WILLIAMS, HAD CRIMINAL CHARGES FILED AGAINST HIM  IN THE NAME OF THE STATE OF CALIFORNIA AND UNDER THE LAWS OF THE STATE OF CALIFORNIA, AND THAT  PLAINTIFF WILLIAMS, ELECTED TO PROCEED IN THE CRIMINAL MATTER IN PROPRIA PERSONA, AND HE WAS REQUIRED BY ORDER OF THE COURT TO APPEAR AND DEFEND AGAINST THE CRIMINAL ALLEGATIONS, AND THAT PLAINTIFF WILLIAMS, WAS ORDERED TO APPEAR AT THE COURTHOUSE AT SACRAMENTO COUNTY AND ANSWER THE CHARGES

5.3  DURING THE COURSE AN ACTIVITIES OF PRE-TRIAL COURT PROCEEDINGS THAT WERE CONDUCTED IN THE SACRAMENTO COUNTY COURTHOUSE WILLIAMS EXERCISED THE RIGHT TO SELF-REPRESENTATION AND THE COURT WAS REQUIRED TO AFFORD WILLIAMS THE RIGHT OF SELF-REPRESENTATION, AND PURSUANT TO CAL.  RULES OF CT.  1.100,  WILLIAMS, REQUESTED REASONABLE ACCOMMODATIONS FOR PERSON WITH A DISABILITY IN

Page 11 of 41

ACCORDANCE TO THE AMERICANS WITH DISABILITIES ACT HEREINAFTER REFERRED TO AS
ADA, AT THE TIME THAT PLAINTIFF WILLIAMS, MADE THIS REQUEST THE COURT
FAILED/REFUSED TO COMPLY WITH IT'S OWN RULES REGARDING THE PROCEDURE FOR
GRANTING OR DENYING A REQUEST FOR REASONABLE ACCOMMODATIONS PURSUANT TO THE
ADA LAW , INSTEAD OF FORWARDING THE REQUEST TO THE ADA COORDINATOR, ALSO KNOWN
AS THE ACCESS COORDINATOR OR DESIGNEE THE COURT PASSED UPON THAT  PROCEDURE AND
HELD A HEARING AND DENIED THE REQUEST , AND THAT PLAINTIFF WILLIAMS, WAS WITHOUT
ANY AUXILIARY AIDS OR SERVICES, EQUIPMENT OR DEVICES TO ASSIST HIM  DURING THE PRE-
TRIAL COURT PRECESSING, AND THAT THE PLAINTIFF WAS PRECLUDED FROM FULL
PARTICIPATION OF THE COURT PROCEEDINGS INSOFAR AS HE WAS UNABLE TO VIEW THE
PARTICIPANTS IN THE COURTROOM OR THE EXHIBITS USED BY THE PROSECUTION WHICH
COULD HAVE BEEN ACHIEVED BY AFFORDING THE PLAINTIFF THE REASONABLE
ACCOMMODATIONS THAT HE REQUESTED.

5.4  PLAINTIFF WILLIAMS, RENEWED HIS REQUEST AFTER THE MATTER WAS DEEMED A
CRIMINAL COMPLAINT BUT FOR AND  DESPITE OF  THE NEED FOR  REASONABLE
ACCOMMODATIONS, THE COURT AGAIN DENIED HIS REQUESTS AND  THE MATTER WAS  SET
FOR TRIAL AND THAT ON OR ABOUT JULY 27, 2006,  PLAINTIFF WILLIAMS, RENEWED HIS
REQUEST FOR REASONABLE ACCOMMODATIONS AND THE TRIAL COURT PLACED THE MATTER
UNDER SUBMISSION AND  CREATED A SPECIAL RELATIONSHIP WITH THE THEN DEFENDANT, BY
STATING THAT IT  WOULD RULE ON THE MATTER ON THE   UP- COMING TUESDAY BEFORE
OPENING STATEMENTS BUT FOR  THE COURT PASSED UPON THE RULING AND DEFERRED THE
MATTER UNTIL AFTER THE PEOPLE HAD RESTED IN THEIR CASE IN CHIEF AND AS A RESULT
THE PLAINTIFF WILLIAMS, WAS EXCLUDED FROM FULL PARTICIPATION IN THE COURT
PROCEEDINGS INSOFAR AS PLAINTIFF WILLIAMS, WAS UNABLE TO VIEW THE PARTICIPANTS IN
THE COURTROOM OR VIEW COURT EXHIBITS USED BY THE PROSECUTION.

5.5  ON OR ABOUT AUGUST 03,2006. THE TRIAL COURT ORDERED THAT THE PLAINTIFF

WILLIAMS, SHOULD RECEIVE VARIOUS ACCOMMODATIONS, AND THAT AMONG THOSE ACCOMMODATIONS THAT WERE ORDERED WAS THAT A CAMERA FIXED ON WITNESS HOWEVER THE DEFENDANT HAD REQUESTED A NOTE TAKER, IN THE COURTROOM. OR A TAPE RECORDER, AND CAMERAS TO BE FIXED TO VIEW WITNESS, AND JURY AND JUDGE, INSOFAR AS THOSE ACCOMMODATIONS THAT WERE PROVIDED THIS PLAINTIFF ASSERTS AND ALLEGES THAT THE ACCOMMODATIONS WERE INSUFFICIENT AND UNREASONABLE AND AS A RESULT THE PLAINTIFF WAS EXCLUDED FROM FULL PARTICIPATION IN THE COURTROOM PROCEEDINGS.

5.6 CONSEQUENTLY THE THEN DEFENDANT/PLAINTIFF WILLIAMS, WAS FOUND GUILTY AND CONVICTED ON ALL CHARGES AND THAT DURING THE COURSE AN ACTIVITY OF COURT PROCEEDINGS FOR JUDGEMENT AND SENTENCING THE COURT FAILED/REFUSED TO COMPLY WITH IT'S OWN ORDER TO PROVIDE THE DEFENDANT WITH REASONABLE ACCOMMODATIONS WHICH WAS NOTED ON THE RECORD BY THE THEN DEFENDANT, ON OR ABOUT SEPTEMBER 15, 2006. WHERE THE COURT FAILED/REFUSED TO FOLLOW IT'S OWN ORDER TO HAVE A CAMERA FIXED ON EITHER THE JUDGE OR THE JURY OR WITNESS BUT THAT THE COURT DID NEITHER ON THE DATE OF JUDGMENT AND SENTENCING, AND THAT THE PLAINTIFF WAS EXCLUDED FROM THE FULL PARTICIPATION OF THE COURT PROCEEDINGS THAT WAS HELD ON THE DATE OF JUDGEMENT AND SENTENCING .

5.7 ON OR ABOUT SEPTEMBER 19, 2006. THE THEN DEFENDANT CAUSED TO BE FILED A NOTICE OF APPEAL AND THAT AN APPEAL WAS ENSUED REGARDING THE CRIMINAL CONVICTION

VI

*PLAINTIFF WILLIAMS PROCEDURAL  HISTORY*

*CONCERNING SEEKING RELIEF FOR*

*REASONABLE ACCOMMODATIONS*

6.1 ON OR ABOUT MAY 09, 2007. THE PLAINTIFF WILLIAMS, CAUSED TO BE FILE IN THE STATE

OF CALIFORNIA COURT OF APPEAL FOR THE THIRD APPELLATE DISTRICT, LOCATED IN

SACRAMENTO COUNTY , A PETITION FOR WRIT OF HABEAS CORPUS, SEEKING THE NORMAL

RECORD ON APPEAL TO BE TRANSCRIBED ON AUDIO TAPE CASSETTE AS A REASONABLE

ACCOMMODATION PURSUANT THE LETTER AND SPIRIT OF THE ADA LAW, WHICH WAS

SUBSEQUENTLY DENIED BY THE STATE OF CALIFORNIA COURT OF APPEAL, PLAINTIFF

WILLIAMS, ASSERTS AND ALLEGES THAT THE BASIS  IN WHICH HE WAS ENTITLED TO BE

AFFORDED REASONABLE  ACCOMMODATIONS WERE PREDICATED ON THE FACT THAT HE

PROCEEDED IN THE STATE CRIMINAL TRIAL PROCEEDINGS IN PROPRIA  PERSONA, AND THAT

HE HAD A NEED, RESPONSIBILITY, AND DESIRE TO EFFECTIVELY COMMUNICATE AND

CONSULT WITH THE RESPECTIVE COURT APPOINTED APPELLATE COUNSEL. AND AS A

RESULT OF THE FAILURE/REFUSAL OF THE STATE OF CALIFORNIA COURT OF APPEAL,

SACRAMENT COUNTY, IN NOT  MAKING  REASONABLE ACCOMMODATIONS THE PLAINTIFF

WAS DEPRIVED OF EFFECTIVE COMMUNICATION WITH THE COURT APPOINTED APPELLATE

COUNSEL BECAUSE THE USUAL PROCESS OF PREPARING AN APPEAL WOULD BE THAT

APPELLATE COUNSEL WOULD CONSULT WITH TRIAL COUNSEL ON ISSUES THAT WOULD

MERIT PRESENTATION TO THE COURT OF APPEAL AND THAT IN VIEW OF THE FACT THAT

PLAINTIFF WILLIAMS, IS AN OTHERWISE QUALIFIED  DISABLED PERSON AND THAT HE WAS

THE ATTORNEY OF RECORD IN THE STATE CRIMINAL PROCEEDINGS AND THAT HE WAS

EXCLUDED FROM THE ACTIVITY OF ADEQUATELY AND INTELLIGENTLY COMMUNICATING

WITH THE COURT APPOINTED APPELLATE COUNSEL.  AS A RESULT OF THE FAILURE AND

REFUSAL OF THE STATE OF CALIFORNIA COURT OF APPEAL,SACRAMENTO COUNTY,  AND

THAT IT FAILED TO REASONABLY  ACCOMMODATE PLAINTIFF WILLIAMS, AND THAT THE

FAILURE TO NOT PROVIDE  APPELLANT/PLAINTIFF WILLIAMS, WITH REASONABLE

ACCOMMODATIONS, AMONG OTHER CONDITIONS CREATED A LACK OF MEANIFUL  ACCESS

TO THE COURT THAT IMPOSED A REQUIREMENT THAT THE APPELLANT/PLAINTIFF

WILLIAMS, BE LIMITED TO PRINT MODE OF ACCESS TO THE TRIAL TRANSCRIPTS , AND THAT

AS A RESULT OF THE COURT'S FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS WAS
VIOLATIVE OF 28 C.F.R. 35.130(B)(7).

6.2 THE COUNTY OF SACRAMENTO IS A RECIPIENT OF FEDERAL FUNDS BUT THAT IT FAILED
TO ADEQUATELY RESPOND TO PLAINTIFF'S REQUEST FOR REASONABLE ACCOMMODATIONS
AND  IN ADDITION AS A NEXUS AND AS A SUBSTANTIAL FACTOR OF PRODUCING HARM IS THE
FACT THAT THE AUXILIARY AIDS THAT WERE MADE AVAILABLE TO THE PLAINTIFF
WILLIAMS, BY THE DEFENDANT CALIFORNIA DEPARTMENT OF CORRECTIONS AND
REHABILITATION, WERE ONLY MADE AVAILABLE TO THE PLAINTIFF DURING SCHEDULED
OPERATION OF THE PRISON LAW LIBRARIES AND THAT THERE WAS AND PRESENTLY EXIST A
FAILURE TO PROVIDE A MINIMUM CONSTITUTIONAL STANDARD BECAUSE PLAINTIFF WAS
NOT NOR IS HE CURRENTLY BEING PROVIDED AN ADEQUATE  AMOUNT OF TIME TO USE THE
LAW LIBRARY AND THAT PLAINTIFF WILLIAMS, THEN SOUGHT REVIEW OF THE LOWER
COURT'S RULING TO THE CALIFORNIA SUPREME COURT AND THAT THE CALIFORNIA
SUPREME COURT ALSO DENIED REVIEW

VII

PLAINTIFF WILLIAMS, PROCEDURAL HISTORY

AT HIGH DESERT STATE PRISON

7.1  PLAINTIFF WILLIAMS, WAS TRANSFERRED TO HIGH DESERT STATE PRISON
HEREINAFTER REFERRED TO AS (HDSP) ON OR ABOUT JANUARY 13, 2007, AND THAT DURING
THE COURSE AN ACTIVITY OF BEING CONFINED AND DEPRIVED OF HIS LIBERTY AT HDSP,
PLAINTIFF WILLIAMS, SUBMITTED A NUMBER OF INMATE APPEALS REGARDING THE DENIAL
OF ACCESS TO THE COURTS EITHER BECAUSE HE WAS NOT BEING AFFORDED A MINIMUM
CONSTITUTIONAL  CONSTITUTIONAL  STANDARD OF ACTUAL USE OF THE PRISON LAW
LIBRARY WHICH HAS  BEEN RECOMMENDED BY EXPERTS IN THE FIELD OF LAW WHICH HAS
BEEN WORTHY OF MENTION THAT EACH INMATE SHOULD BE AFFORDED AT LEAST (10) TEN
HOURS OF ACTUAL USE OF THE PRISON LAW LIBRARY PER WEEK THAT DEMONSTRATES AN
ACCEPTABLE AFFORD ABILITY OF ACTUAL USE OF PRISON LAW LIBRARIES THAT  MARKS A

STANDARD OF DECENCY OF PROGRESS OF A MATURING SOCIETY, BUT FOR THE
DEFENDANT CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION
HEREINAFTER REFERRED AS CDCR, IS PRESENTLY FAILING/REFUSING TO PROVIDE A
MINIMUM CONSTITUTIONAL STANDARD OF ACTUAL USE OF PRISON LAW LIBRARIES AND
THAT THIS PATTERN OF PRACTICE HAS BEEN A CONTINUOUS VIOLATION AT EACH AN EVERY
INSTITUTION THAT THE PLAINTIFF WILLIAMS, HAS BEEN AND IS CONFINED AT, AND THAT
PLAINTIFF ALLEGES AND ASSERTS A CONTINUING VIOLATION OF DISCRIMINATORY POLICY
AND/OR PRACTICES INSOFAR AS , THOSE ACCOMMODATIONS THAT ARE PROVIDED TO THE
PLAINTIFF WILLIAMS, ARE AN IS ONLY AVAILABLE TO THE PLAINTIFF DURING TIMES WHEN
HE WAS AND IS AFFORDED WITH ACTUAL USE OF THE PRISON LAW LIBRARIES AND THAT
THIS PRACTICE IS A PRESENTLY CARRY OUT AT THE CURRENT PLACE OF CONFINEMENT AND
THAT THERE IS A LONG-STANDING PRACTICE AND THAT THE INMATE APPEALS THAT THE
PLAINTIFF WILLIAMS, SUBMITTED TO THE DEFENDANTS WHICH THEY HAVE
FAILED/REFUSED TO MAKE THE APPEAL PROCESS AVAILABLE TO THE PLAINTIFF TO ALLOW
FOR PROPER EXHAUSTION OF THE APPEAL PROCESS REGARDING THE ABOVE ISSUE,

   7.2 PLAINTIFF SUBMITTED OTHER INMATES APPEALS SEEKING REDRESS OF GRIEVANCES,
AN AMONG THOSE ISSUES WERE, THAT THE AUXILIARY AIDS THAT WERE MADE AVAILABLE
TO HIM IN THE LAW LIBRARY WERE INSUFFICIENT AND/OR UNREASONABLE BECAUSE THE
GALILEO READER MACHINE WAS AN OLDER MODEL AND THAT IT ONLY READ PRINTED
MATERIAL IN ONE SPEED AND THAT WAS VERY SLOW AND THAT PLAINTIFF WILLIAMS, WAS
PRESCRIBED AND IT WAS RECOMMENDED BY A PHYSICIAN THAT HE PLAINTIFF BE PROVIDED
WITH 5 X MAGNIFICATION AND THAT THE DEFENDANT CDCR, ORDERED REMOVAL OF ALL
BOOKS FROM THE PRISON LAW LIBRARY AND WENT VIRTUAL COMPUTERS BUT THAT THE
COMPUTERS WERE ONLY CAPABLE OF BEING INCREASED TO 18 FONT WHICH IS NOT
EQUIVALENT TO 5X MAGNIFICATION AS PRESCRIBED BY THE EYE SPECIALIST WHICH
WOULD ALLOW FOR EFFECTIVE COMMUNICATION AND THAT PLAINTIFF WILLIAMS,
CONSEQUENTLY SOUGHT TO HAVE ALL NEEDED LEGAL MATERIAL TRANSCRIBED ON

AUDIO CASSETTE AND THAT THE DEFENDANT CDCR, HAS A WORKING BUSINESS
RELATIONSHIP WITH A PRIVATE BUSINESS NAMED (BLIND PROJECT) THAT IS OPERATING ON
STATE PROPERTY TRANSCRIBING PRINTED MATERIAL ON AUDIO CASSETTE FOR THE
GENERAL PUBLIC FOR A PRICE BUT THAT THE STATE WILL TRANSCRIBE PRINT MATERIAL
INTO BRAILLE IF THE INMATE CAN PROVE THAT HE READS BRAILLE 3, BUT THAT VISUALLY
IMPAIRED PERSONS SUCH AS PLAINTIFF WILLIAMS, IS EXCLUDED FROM PARTICIPATION IN
THE PROGRAM, AND THAT DEFENDANT R.L.GOWER, WAS THE INDIVIDUAL WHO PROCESSED
THE INMATE APPEAL AT THE FIRST LEVEL OF REVIEW AND HE WAS IN THE POSITION TO
MAKE CORRECTIVE STEPS BUT HE FAILED/REFUSED TO DO SO, AND THAT HE HAD ACTUAL
KNOWLEDGE OF THE DISCRIMINATION AND HE FAILED TO ADEQUATELY RESPOND AND
THAT THE DEFENDANT M.D. McDONALD, WAS THE INDIVIDUAL WHO CONDUCTED THE
PROCESSING OF THE INMATE APPEAL ON THE SECOND LEVEL REVIEW, AND THAT HE WAS IN
THE POSITION TO MAKE CORRECTIVE STEPS BUT HE FAILED/REFUSED TO DO SO, AND THAT
HE HAD ACTUAL KNOWLEDGE OF THE DISCRIMINATION AND HE FAILED TO ADEQUATELY
RESPOND AND THAT THE DEFENDANT S.M.ROCHE,MD WAS THE INDIVIDUAL TO CONDUCT
REVIEW OF THE INMATE APPEAL ON THE SECOND LEVEL OF REVIEW REGARDING THE ISSUE
OF NOT BEING PROVIDED REASONABLE ACCOMMODATION OF 5X MAGNIFICATION OF THE
COMPUTERS THAT ARE USED TO ACCESS CASE LAW OR CODE SECTIONS, IN VIEW OF THE
FACT THAT THE DEFENDANT CDCR HAD GONE VIRTUAL COMPUTERS INSTEAD OF AND IN
PLACE OF BOOKS, AND THAT DEFENDANT S.M. ROCHE,MD WAS IN THE POSITION TO TAKE
CORRECTIVE STEPS AND THAT HE HAD ACTUAL KNOWLEDGE OF THE DISCRIMINATION BUT
FAILED TO ADEQUATELY RESPOND THE DEFENDANT N. GRANNIS, WAS THE INDIVIDUAL TO
CONDUCT REVIEW OF THE INMATE APPEAL AT THE THIRD LEVEL OF REVIEW, AND THAT HE
REVIEWED THE ISSUES THAT WAS BROUGHT FORTH ON ALL THE ISSUES AFOREMENTIONED
REGARDING CONFINEMENT AT HDSP, CONCERNING FAILING TO PROVIDE REASONABLE
ACCOMMODATIONS AND HE ALSO WAS IN THE POSITION TO MAKE CORRECTIVE STEPS BUT
FAILED TO DO SO, BUT FOR THAT HE HAD ACTUAL KNOWLEDGE OF THE DISCRIMINATION

Page 17 of 41

AND FAILED TO ADEQUATELY RESPOND AND THAT ALL OF THE DEFENDANTS, NAMED IN

PARAGRAPH 7.1   KNEW OR SHOULD HAVE KNOWN THAT PLAINTIFF WILLIAMS, FACE A

SUBSTANTIAL RISK OF HARM AND THAT DEFENDANTS DISREGARDED THE RISK BY FAILING

TO  TAKE REASONABLE MEASURES TO ABATE  THE HARM,  SPECIFICALLY IN LIGHT OF THE

FACT THAT PLAINTIFF WILLIAMS, WAS CONVICTED ON OR ABOUT AUGUST 15, 2006.  AND

THAT HE WAS SUBJECT TO THE PROVISIONS PROMULGATED BY THE ANTITERRORISM AND

EFFECTIVE  DEATH PENALTY ACT, HEREINAFTER REFERRED TO AS (AEDPA), ENACTED ON OR

ABOUT APRIL 24, 1996.  AND IMPOSED FOR THE FIRST TIME A STATUTE OF LIMITATION ON

HABEAS CORPUS PETITIONS FILED BY STATE PRISONERS WHICH THIS PLAINTIFF ALLEGES

AND ASSERTS CREATED A BASIC NEED IN PRISON LIFE NECESSITY  FOR A MINIMUM

CONSTITUTIONAL STANDARD OF ACTUAL USE OF THE PRISON LAW LIBRARIES AND THAT

THE  ABOVE  NAMED DEFENDANTS IN PARAGRAPH 7.1 WERE  DELIBERATELY INDIFFERENT

TO PLAINTIFF WILLIAMS, IN  MAINTAINING A PROPER POSTURE  BEFORE THE COURTS

AND/OR DISCOVERING VARIOUS LEGAL THEORIES TO BASE HIS CLAIMS ON,  IN LIGHT  OF

THE FACT THAT EVERY  INSTITUTION WHERE THE PLAINTIFF HAS BEEN  CONFINED

THEREIN  THE SUPERIOR IN CHARGE WAS AND  IS AT ALL TIMES HEREIN RELEVANT THE

PROPER PARTY RESPONDENT AND THAT THE FEDERAL STATUTE ( AEDPA )CREATES A PRISON

LIFE NECESSITY FOR THIS PLAINTIFF BECAUSE HE WISHES TO COLLATERALLY ATTACK HIS

CONVICTION HE IS THEN REQUIRED BY LAW TO PRESENT HIS CLAIMS IN PROPRIA PERSONA

AND THAT EACH INSTITUTION MAINTAINED AN UNDERGROUND REGULATION REGARDING

ACCESS TO THE PRISON LAW LIBRARIES AND THAT PRISON OFFICIALS ONLY RECOGNIZE

THE TIME RESTRAINTS IMPOSED BY THE (AEDPA) 30 DAYS BEFORE IT'S EXPIRATION  AND

THAT THE  FACT THAT THE DEFENDANT THE STATE OF CALIFORNIA  EXERCISES IT'S POWER

TO RESTRAIN THIS PLAINTIFF TO A  LESS THEN  MINIMUM CONSTITUTIONAL  STANDARD OF

ACTUAL USE OF THE PRISON LAW LIBRARIES CREATES A CONDITION VIOLATIVE OF THIS

PLAINTIFF EIGHTH AMENDMENT RIGHT OF  FREEDOM FROM CRUEL AN USUAL PUNISHMENT

WHICH HAS BEEN A CONDITION THAT IS PAST AND PRESENT AN ON GOING THAT

CONSTITUTES A CONTINUOUS VIOLATION PLAINTIFF WILLIAMS'S SECURED AND PROTECTED CONSTITUTIONAL RIGHTS,

7.3 PLAINTIFF WILLIAMS, BROUGHT FORTH ANOTHER ISSUE PURSUANT TO ASCERTAINMENT OF REASONABLE ACCOMMODATIONS WHICH WAS REGARDING TRANSCRIPTION OF THE NORMAL RECORD ON APPEAL INCLUDING TRAIL TRANSCRIPTS TRANSCRIBED ON AUDIO TAPE OR COMPACT DISC WHICH WOULD ALLOW PLAINTIFF WILLIAMS, TO ACHIEVE EFFECTIVE COMMUNICATION AND SO PLAINTIFF COULD MORE EFFICIENTLY SPOT ISSUES FOR COLLATERAL ATTACKS OF HIS CRIMINAL CONVICTION, THE STATE ACTORS DENIED PLAINTIFF WILLIAMS, GRIEVANCE ALL THE WAY UP TO THE DIRECTOR LEVEL OF REVIEW IN SPITE OF THE FACT THAT THEY MAINTAINED A DUTY OF CARE OF THE PLAINTIFF WHILE HE WAS HELD IN CONFINEMENT AT HDSP,

7.4 PLAINTIFF WILLIAMS, AFTER EXHAUSTION OF THE INMATE APPEALS HE SOUGHT RELIEF FROM THE COURTS LOCATED IN THE COUNTIES OF LASSES COUNTY, SACRAMENTO COUNTY, SAN FRANCISCO COUNTY, AND IN REFERENCE TO THIS LAWSUIT PLAINTIFF WILLIAMS, IS NOT PRESENTING ANY CLAIMS AGAINST ANY OF THE JUDICIAL OFFICERS, AND HE IS NOT ASSERTING THE INVOLVED JUDICIAL OFFICERS AS DEFENDANTS NOR ARE THEY BEING SUED AS DOES, NOR ARE THEY DIRECTLY LIABLE TO THE PLAINTIFF HE IS NOT ASSERTING CLAIMS AGAINST THE COUNTY FOR ACTS OF LEGAL MALFEASANCE ON THE PART OF ANY JUDICIAL OFFICER BUT THAT PLAINTIFF WILLIAMS, IS BRINGING THIS ACTION AGAINST THE VARIOUS COUNTIES FOR THE PROMULGATION OF A DISCRIMINATORY POLICY AND IN CREATION OF AND PARTICIPATION IN A SYSTEM WHEREBY IT EXCLUDES THE PARTICIPATION OF PLAINTIFF WILLIAMS, ON THE BASIS OF HIS DISABILITY

VIII

PLAINTIFF WILLIAMS, PROCEDURAL HISTORY

SEEKING REDRESS OF GRIEVANCES THROUGH

LASSEN, SACRAMENTO, SAN FRANCISCO COUNTIES

Page 19 of 41

8.1 ON OR ABOUT APRIL 24, 2008, PLAINTIFF WILLIAMS, CAUSED TO BE FILED A PETITION FOR WRIT OF HABEAS CORPUS, IN THE STATE OF CALIFORNIA SUPERIOR IN AND FOR THE COUNTY OF LASSEN, SEEKING TRIAL TRANSCRIPTS CONVERTED FROM PRINT MODE TO AUDIO TAPE THE STATE COURT WAS IN THE POSITION TO ORDER REASONABLE ACCOMMODATIONS BUT FAILED TO DO SO AND AS A RESULT THE PLAINTIFF WAS DAMAGED AND PREJUDICED BECAUSE HE WAS UNABLE TO EFFECTIVELY SPOT ISSUES THAT COULD HAVE BEEN RAISED ON APPEAL OR COULD HAVE BEEN BROUGHT TO THE ATTENTION OF THE COURT APPOINTED APPELLATE ATTORNEY THE COURT DENIED THE PETITION WITHOUT FIRST FORWARDING THE PETITION TO THE ADA COORDINATOR PURSUANT TO Cal.Rules of Court,Rule 1.100 AND AS A RESULT VIOLATED 28 C.F.R. § 35.105

8.2 ON OR ABOUT SEPTEMBER 25, 2008, PLAINTIFF WILLIAMS, CAUSED TO BE FILED IN THE NEXT HIGH COURT A PETITION FOR WRIT OF HABEAS CORPUS IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA IN AND FOR THE THIRD APPELLATE DISTRICT, IN THE SACRAMENTO COUNTY, AGAIN SEEKING REASONABLE ACCOMMODATION SUCH AS TRIAL TRANSCRIPTS IN PRINT MODE TRANSCRIBED ON AUDIO TAPE THE COURT WAS IN THE POSITION TO TAKE CORRECTIVE STEPS AND AFFORD THIS PLAINTIFF THE NEEDED REASONABLE ACCOMMODATION BUT THE COURT FAILED TO DO SO AND AS A RESULT THE PLAINTIFF WAS DAMAGED AND PREJUDICED BECAUSE HE WAS UNABLE TO EFFECTIVELY COMMUNICATE WITH COURT APPOINTED APPELLATE COUNSEL OR EFFICIENTLY SPOT ISSUES FOR COLLATERAL ATTACK OF CRIMINAL CONVICTION

8.3 ON OR ABOUT OCTOBER 08, 2008, PLAINTIFF WILLIAMS, CAUSED TO BE FILED IN THE STATE OF CALIFORNIA SUPREME COURT THE NEXT HIGH COURT LOCATED IN THE SAN FRANCISCO COUNTY, A PETITION FOR WRIT OF HABEAS CORPUS SEEKING REVIEW OF THE PRIOR PETITIONS AND THAT THE CALIFORNIA SUPREME COURT WAS IN THE POSITION TO TAKE CORRECTIVE STEPS BUT FAILED TO DO SO AND AS A RESULT THE PLAINTIFF WAS DAMAGED AND PREJUDICED BECAUSE HE WAS UNABLE TO EFFECTIVELY COMMUNICATE WITH THE COURT APPOINTED APPELLATE COUNSEL OR EFFECTIVELY PROSECUTE AN

ATTACK ON HIS CRIMINAL CONVICTION

IX

SACRAMENTO, LASSEN,

AND SAN FRANCISCO COUNTIES HISTORY

CONCERNING THE AMERICANS WITH DISABILITY ACT

(a) THAT ON JANUARY 26,1992, REGULATIONS WERE ESTABLISHED BY THE UNITED STATES

DEPARTMENT OF JUSTICE THAT MADE PROVISIONS FOR STATE AND LOCAL GOVERNMENT

OF THE UNITED STATES TO MEET THE REQUIREMENTS OF THE ADA.  THESE REGULATIONS

WERE PUBLISHED BY THE DEPARTMENT OF JUSTICE AS 28 C.F.R. PART 35 PURSUANT TO THE

PROVISIONS OF 42 U.S.C. 12134.  AS A PART OF THE REGULATION, ALL PUBLIC ENTITIES WERE

REQUIRED TO EVALUATE ITS SERVICES, POLICIES AND PRACTICES AND THE EFFECTS

THEREOF AND MAKE MODIFICATIONS WITHIN ONE YEAR OF THE EFFECTIVE DATE OF THE

REGULATION . 28 C.F.R. 35.105

THE LANGUAGE OF THE REHABILITATION ACT, AND THE ADA, IS ALMOST IDENTICAL AND

THAT THE BROAD LANGUAGE OF THE REHABILITATION ACT IS REPEATED IN THE ADA.  THE

ADA EXPANDED THE REACH OF THE ANTI-DISCRIMINATION PROVISIONS OF THE

REHABILITATION ACT FROM "ANY PUBLIC FACILITY THAT RECEIVES FEDERAL FUNDING" TO

"ANY PUBLIC ENTITY."  AND THAT THE DEPARTMENT OF JUSTICE'S REGULATIONS

PROVIDED THAT "ALL PROGRAMS, SERVICES, AND REGULATORY ACTIVITIES RELATING TO

LAW ENFORCEMENT, PUBLIC SAFETY, AND THE ADMINISTRATION OF JUSTICE, INCLUDING

COURTS AND CORRECTIONAL INSTITUTIONS" ARE GOVERNED BY THE ADA.

28 C.F.R. § 35.190 (b) (6).

(b) THAT BY FEBRUARY 26, 1993, SACRAMENTO, LASSEN,  AND SAN FRANCISCO COUNTIES

FAILED/REFUSED TO PREPARE A SELF-EVALUATION AND CONDUCT AN ANALYSIS AND

TRANSITION PLAN WHICH WAS MANDATED BY THE DEPARTMENT OF JUSTICE IN ITS

REGULATION C.F.R. 35.105 .

(c) AT THE OUTSET AS AN ANTECEDENT CONDITION THAT WAS A SEPARATE AN AGGREGATE

EVENT THE SUPERIOR COURT, STATE OF CALIFORNIA, COUNTY OF SACRAMENTO DENIED

REASONABLE ACCOMMODATION TO THE PLAINTIFF AS A DISABLED PERSON DURING THE

COURSE AN ACTIVITY OF THE PRETRIAL STATE CRIMINAL COURT PROCEEDINGS, AND THAT

THE TRIAL COURT OF THE STATE CRIMINAL COURT PROCEEDINGS DENIED AND/OR

DEFERRED THE ASCERTAINMENT OF REASONABLE ACCOMMODATIONS BEFORE THE

COMMENCEMENT OF TRIAL AND DURING THE ACTUAL TRIAL OF THE STATE CRIMINAL

TRIAL PROCEEDINGS.

(d) THE COUNTIES OF SACRAMENTO, LASSEN, AND SAN FRANCISCO, AS A MATTER OF POLICY

AND/OR PRACTICE REFUSED TO COME INTO COMPLIANCE WITH THE ADA, AND THAT THEY

ARE STILL IN NON-COMPLIANCE . ALL THE WHILE THE PLAINTIFF WAS COMPELLED AND IS

PRESENTLY FORCED TO PROSECUTE A COLLATERAL ATTACK ON HIS CONVICTION WITH A

LACK OF MEANIFUL ACCESS TO THE COURTS DUE TO THE FAILURE TO  PROVIDE

REASONABLE ACCOMMODATIONS TO THE PLAINTIFF SUCH AS TRANSCRIPTION OF THE

NORMAL RECORD ON APPEAL TRANSCRIBED ON AUDIO CASSETTE OR COMPACT DISC, IN

ADDITION TO THE ACTIONS OR OMISSIONS OF THE OTHER HEREIN MENTIONED DEFENDANTS

TO  INTENTIONALLY  FAIL TO  PROVIDE A MINIMUM CONSTITUTIONAL STANDARD OF

ACTUAL USE OF THE PRISON LAW LIBRARIES WHICH IS THE LOCATIONS WHERE THE

PLAINTIFF IS TO ACCESS THE AUXILIARY AIDS THAT ARE PROVIDED TO AFFORD THE

PLAINTIFF WITH EFFECTIVE COMMUNICATION, WHICH IS AMONG OTHER ISSUES BUT NOT

LIMITED TO.

## X

### PLAINTIFF WILLIAMS PROCEDURAL HISTORY

### WHILE AT CALIFORNIA SUBSTANCE ABUSE

### TREATMENT FACILITY/CORCORAN

10.1  PLAINTIFF WILLIAMS, WAS TRANSFERRED FROM HDSP, TO CALIFORNIA SUBSTANCE

ABUSE TREATMENT FACILITY/STATE PRISON-CORCORAN, HEREINAFTER REFERRED TO AS

CSTAF/CORCORAN, ON OR ABOUT MARCH 17, 2009, AND THAT ON OR ABOUT APRIL 07, 2009,

PLAINTIFF WILLIAMS, SENT A LETTER TO DEFENDANT KEN CLARK, DEFENDANT L POLK, AND

DEFENDANT P. MEDVED, AND MISS LIMA, LTA. PROVIDING THE DEFENDANTS WITH

CONSTRUCTIVE NOTICE THAT THEY WERE IN VIOLATION OF THE PLAINTIFF'S UNITED

STATES CONSTITUTIONAL RIGHTS, AS WELL AS INFORMED THEM OF THE DISCRIMINATION

AGAINST THE PLAINTIFF BASED ON HIS DISABILITY AND THAT EACH OF THE ABOVE NAMED

DEFENDANTS WERE IN THE POSITION TO TAKE CORRECTIVE STEPS BUT FAILED TO DO SO,

AND THAT NONE OF THE ABOVE NAMED DEFENDANTS RESPONDED TO THE LETTER .

10.2 SUBSEQUENTLY PLAINTIFF CAUSED TO BE FILED A SERIES OF INMATE APPEALS

CONCERNING THE CONDITIONS OF HIS CONFINEMENT AT CSTAF/CORCORAN, AN AMONG

THOSE GRIEVANCES ARE AS FOLLOWS: PLAINTIFF WILLIAMS, WHO IS UNABLE TO READ

HANDWRITTEN OR TYPED PRINTED MATERIAL WITHOUT FIVE-TIMES MINIMUM

MAGNIFICATION IN ACCORDANCE WITH THE OPTOMETRIST'S PRESCRIPTION . AND THAT

PLAINTIFF WILLIAMS SOUGHT REDRESS OF GRIEVANCES SEEKING REASONABLE

ACCOMMODATION OF AVAILABILITY OF THE AUXILIARY AIDS SUCH AS OPTELEC {CLEAR

VIEW MONITOR OUTSIDE THE OPERATION OF THE LAW LIBRARY SESSIONS , INSTEAD THE

PRISON OFFICIALS OFFERED TO PLAINTIFF AN ASSISTANT WORKERS TO ASSIST THE

PLAINTIFF IN READING BUT THAT PLAINTIFF ASSERTS AN ALLEGES THAT THE SERVICE WAS

UNREASONABLE AND INSUFFICIENT BECAUSE PLAINTIFF RIGHT TO CONFIDENTIALITY OF

THE NATURE AND FACTS REGARDING HIS CRIMINAL CONVICTION WOULD BE COMPRISED

AND THAT INMATE ASSISTANT WORKERS WOULD BE AT LIBERTY TO DISCLOSE THE NATURE

AND CIRCUMSTANCES OF PLAINTIFF'S CRIMINAL CONVICTION , AND , FURTHERMORE

INMATE ASSISTANT WORKERS WERE NOT QUALIFIED READERS, AND THAT PLAINTIFF

WILLIAMS, RENEWED HIS REQUEST TO BE PROVIDED 5 X MAGNIFICATION AS PRESCRIBED BY

PHYSICIAN, BUT THAT THE DEFENDANTS OFFERED MAGNA PAGE ENLARGER WHICH ONLY

MAGNIFIED TO 2 X MAGNIFICATION, AND IN THE ALTERNATIVE PLAINTIFF WILLIAMS,

REQUESTED THAT ALL LEGAL MATERIAL BE TRANSCRIBED ON AUDIO CASSETTE, PLAINTIFF

FURTHER ASSERTS AND ALLEGES THAT HE WAS BEING  DISCRIMINATED AGAINST ON THE
BASIS OF HIS DISABILITY AND THAT HE WAS BEING EXCLUDED FROM THE FULL
PARTICIPATION OF USE OF THE LAW LIBRARY SERVICES ,AND THE RATIONALE  OF THE
BASIS OF HIS ALLEGATIONS , IS THAT PRISON OFFICIALS FAILED/REFUSED TO PROVIDE THE
APPROPRIATE MAGNIFICATION AND/OR A  QUALIFIED READER, OR ALLOW PLAINTIFF A
REASONABLE AMOUNT OF TIME TO USE THE AUXILIARY AIDS AVAILABLE IN THE LAW
LIBRARY, AND THAT  SUBSEQUENTLY THE INMATE APPEAL WAS DENIED ON ALL LEVELS OF
REVIEW, WHICH GAVE RISE TO THIS COMPLAINT AND THAT DEFENDANT M.  VELLA, WAS
EMPLOYED AT CSTAF/CORCORAN, IN THE CAPACITY COUNSELOR II -ADA, AND THAT
DEFENDANT M.  VELLA, REVIEWED THE INMATE APPEAL AT THE FIRST LEVEL OF REVIEW
AND HAD ACTUAL KNOWLEDGE OF THE DISCRIMINATION AND WAS IN THE POSITION TO
TAKE CORRECTIVE STEPS BUT FAILED TO DO SO, DEFENDANT G.  MARTINEZ, WAS ALSO
EMPLOYED AT CSTAF/CORCORAN, IN THE CAPACITY OF CORRECTIONAL HEALTH CARE
ADMINISTRATOR II (CHSA II), AND THAT DEFENDANT G.  MARTINEZ, REVIEWED THE INMATE
APPEAL AT THE FIRST LEVEL OF REVIEW AND THAT DEFENDANT HAD ACTUAL KNOWLEDGE
OF THE DISCRIMINATION AND WAS IN THE POSITION TO TAKE CORRECTIVE STEPS BUT
FAILED TO DO SO.  AND THAT THE DEFENDANT A.  ENEMMOH,MD , WAS ALSO EMPLOYED AT
CSTAF/CORCORAN, IN THE CAPACITY OF CHIEF MEDICAL OFFICER, AND THAT HE REVIEWED
THE INMATE APPEAL AT THE SECOND LEVEL OF REVIEW AND THAT HE HAD ACTUAL
KNOWLEDGE OF THE DISCRIMINATION AND THAT HE WAS IN THE POSITION TO TAKE
CORRECTIVE STEPS BUT FAILED TO DO SO, AND THAT THE DEFENDANT N.  GRANNIS, WAS
EMPLOYED BY THE DEFENDANT CALIFORNIA DEPARTMENT OF CORRECTIONS AND
REHABILITATION, IN THE CAPACITY OF CHIEF INMATE APPEALS BRANCH, AND THAT HE
REVIEWED THE INMATE APPEAL AT THE DIRECTOR LEVEL OF REVIEW AND THAT HE HAD
ACTUAL KNOWLEDGE OF THE DISCRIMINATION AND THAT HE WAS IN THE POSITION TO
TAKE CORRECTIVE STEPS BUT FAILED TO DO SO.

10.3  PLAINTIFF WILLIAMS, CAUSED TO BE FILE ANOTHER INMATE APPEAL WHILE BEING

Page 24 of 41

CONFINED AT CSATF/CORCORAN, ASSERTING  DENIAL OF RIGHTS PURSUANT TO THE ADA,

PLAINTIFF WILLIAMS, WAS PLACED IN ADMINISTRATIVE SEGREGATION UNIT, HEREINAFTER

REFERRED TO AS ASU, DUE TO NO FAULT OF HIS OWN AND THAT DURING THE COURSE AN

ACTIVITY OF CONFINEMENT IN ASU PLAINTIFF WILLIAMS, REQUESTED THAT HE BE

PROVIDED THE APPROPRIATE AUXILIARY AIDS, AN AMONG THOSE AIDS WERE REQUESTED

WERE A QUALIFIED READER, AN "OPTELEC"CLEAR VIEW MONITOR MACHINE

AND THAT A PHYSICIAN RECOMMENDED USE OF A PERSONAL TYPEWRITER FOR EFFECTIVE

COMMUNICATION , AND THAT HE REQUESTED REASONABLE ACCOMMODATION FOR HIS

PERMANENT VISUAL DISABILITY CONDITION BY ALLOWING ACCESS TO AND PERSONAL USE

OF HIS ADA APPROVED APPLIANCES.  THE INMATE APPEAL WAS DENIED ON ALL THREE

LEVEL OF REVIEW AND THAT DEFENDANT M. JONES, WAS EMPLOYED AT CSATF/CORCORAN,

IN THE CAPACITY AS A CORRECTIONAL SERGEANT AN ASSIGNED TO E1-ASU-ASE, AND THAT

HE REVIEWED THE INMATE APPEAL AT THE FIRST LEVEL OF REVIEW AND THAT HE HAD

ACTUAL KNOWLEDGE OF THE DISCRIMINATION AND HE WAS IN THE POSITION TO TAKE

CORRECTIVE STEPS BUT FAILED TO DO SO , AND THAT DEFENDANT R. FISHER WAS

EMPLOYED AT CSATF/CORCORAN, IN THE CAPACITY OF ASSOCIATE WARDEN(A), OF

COMPLEX 1, AND THAT HE REVIEWED THE INMATE APPEAL AT THE FIRST LEVEL OF REVIEW

AND THAT HE HAD ACTUAL KNOWLEDGE OF THE DISCRIMINATION AND THAT HE WAS IN

THE POSITION TO TAKE CORRECTIVE STEPS BUT FAILED TO DO SO, AND THAT DEFENDANT

KEN CLARK, WAS EMPLOYED IN THE CAPACITY OF SUPERIOR IN CHARGE OF

CSATF/CORCORAN, AS THE WARDEN AND THAT HE REVIEWED THE INMATE APPEAL AT THE

SECOND LEVEL OF REVIEW AND THAT HE HAD ACTUAL KNOWLEDGE OF THE

DISCRIMINATION AND THAT HE WAS IN THE POSITION TO TAKE CORRECTIVE STEPS BUT

FAILED TO DO SO, AND THAT DEFENDANT N. GRANNIS, WAS EMPLOYED BY THE DEFENDANT

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, IN THE CAPACITY OF

CHIEF INMATE APPEALS BRANCH, AND THAT HE REVIEWED THE INMATE APPEAL AT THE

DIRECTOR LEVEL OF REVIEW AND THAT HE HAD ACTUAL KNOWLEDGE OF THE

DISCRIMINATION AND THAT HE WAS IN THE POSITION TO TAKE CORRECTIVE STEPS BUT FAILED TO DO SO.

XI

PLAINTIFF WILLIAMS, PROCEDURAL HISTORY

AT CALIFORNIA MEDICAL FACILITY

11.1 ON OR ABOUT NOVEMBER 24, 2009, PLAINTIFF WILLIAMS, WAS TRANSFERRED FROM CSATF/CORCORAN, TO CALIFORNIA MEDICAL FACILITY HEREINAFTER REFERRED TO AS CMF, AND THAT PLAINTIFF WILLIAMS WROTE A LETTER TO THE FOLLOWING DEFENDANTS PROVIDING THEM WITH CONSTRUCTIVE NOTICE OF VIOLATION OF HIS SECURED AND PROTECTED CONSTITUTIONAL RIGHTS, AND THAT DEFENDANT KATHLEEN DICKINSON, DEFENDANT E. S. ARNOLD, DEFENDANT P. MANDEVILLE, AND DEFENDANT J. JACKSON AND DEFENDANT Y. CHENG, AND DEFENDANT L. SANCHEZ, EACH OF THE ABOVE NAMED DEFENDANT HAD ACTUAL KNOWLEDGE OF THE DISCRIMINATION AND WERE IN THE POSITION TO TAKE CORRECTIVE STEPS BUT FAILED TO DO SO, AND THAT ALL OF THE DEFENDANTS FAILED OR REFUSED TO RESPOND TO THE LETTER AND THAT THE PLAINTIFF WILLIAMS, CAUSE D TO BE SUBMITTED A SERIES OF INMATES APPEALS SEEKING REDRESS OF GRIEVANCES, AN AMONG THOSE GRIEVANCES WERE AS FOLLOWS: AGAIN PLAINTIFF REITERATED REQUESTS FOR REASONABLE ACCOMMODATIONS BECAUSE AS  HE IS LEGALLY BLIND AND THAT HE IS NOT BEING PROVIDED A MINIMUM CONSTITUTIONAL STANDARD OF ACTUAL USE OF THE PRISON LAW LIBRARY IN ORDER TO AFFORD HIM A MEANIFUL OPPORTUNITY TO PREPARE HIS POST CONVICTION COLLATERAL ATTACK ON HIS CONVICTION IN ADDITION PLAINTIFF WILLIAMS, ASSERTED THAT HE WAS BEING DISCRIMINATED AGAINST BECAUSE THE ASSISTANCE OF THE AUXILIARY AIDS WERE ONLY MADE AVAILABLE TO HIM DURING TIMES THAT HE WAS AFFORDED AN UNREASONABLE TIME OF ACTUAL USE OF THE PRISON LAW LIBRARY, THE DEFENDANT KATHLEEN DICKINSON, CONDUCTED THE FIRST LEVEL OF REVIEW ON THE INMATE APPEAL, AND HAD ACTUAL KNOWLEDGE OF THE DISCRIMINATION AND WAS THE SUPERIOR IN CHARGE OF CMF IN THE POSITION TO TAKE CORRECTIVE STEPS BUT FAILED TO DO SO, THE

DEFENDANT THEN BY PASSED THE SECOND LEVEL OF REVIEW AND THE PLAINTIFF WILLIAMS, SUBMITTED THE INMATE APPEAL TO THE DIRECTOR LEVEL OF REVIEW AND THAT DEFENDANT D. FOSTON, ACTING IN THE CAPACITY OF CHIEF INMATE APPEAL BRANCH CONDUCTED THE DIRECTOR'S LEVEL OF REVIEW, AND THAT DEFENDANT D. FOSTON, HAD ACTUAL KNOWLEDGE OF THE DISCRIMINATION AND WAS IN THE POSITION TO TAKE CORRECTIVE STEPS BUT FAILED TO DO SO AND SUBSEQUENTLY THE INMATE APPEAL WAS DENIED AT ALL LEVELS OF REVIEW WHICH GIVES RISE TO THIS COMPLAINT,

11.2 THE PLAINTIFF SUBMITTED ANOTHER INMATE APPEAL SEEKING REDRESS OF GRIEVANCE WHICH WAS CONCERNING THE ISSUE REGARDING OBTAINING REASONABLE ACCOMMODATION SUCH AS BEING PROVIDED A PAGING SYSTEM OR SLIP REQUEST IN LIEU OF NOT BEING PROVIDED A MINIMUM CONSTITUTIONAL STANDARD OF ACTUAL USE OF THE PRISON LAW LIBRARY AND ALSO TO ALLOW FOR ADDITIONAL OPPORTUNITY TO READ PRINT MATERIAL FOR AN EXTENDED PERIOD OF TIME BECAUSE AS NOTED ABOVE PLAINTIFF WILLIAMS, IS LEGALLY BLIND, THE DEFENDANT E.S. ARNOLD, CONDUCTED THE REVIEW OF THE INMATE APPEAL AT THE FIRST LEVEL OF REVIEW AND THAT HE HAD ACTUAL KNOWLEDGE OF THE DISCRIMINATION AND WAS IN THE POSITION TO TAKE CORRECTIVE STEPS BUT FAILED TO DO SO, AND THAT DEFENDANT KATHLEEN DICKINSON, WAS THE INDIVIDUAL WHO CONDUCT THE SECOND LEVEL OF REVIEW AND THAT DEFENDANT HAD ACTUAL KNOWLEDGE OF THE DISCRIMINATION AND WAS IN THE POSITION TO TAKE CORRECTIVE STEPS BUT FAILED TO DO SO, AND THAT DEFENDANT D. FOSTON, EMPLOYED IN THE CAPACITY AS CHIEF INMATE APPEAL BRANCH CONDUCTED THE REVIEW ON THE DIRECTOR LEVEL, AND THAT CONSEQUENTLY THE INMATE APPEAL WAS DENIED ON ALL LEVELS OF REVIEW. AND THAT HE/SHE HAD ACTUAL KNOWLEDGE OF THE DISCRIMINATION AND WAS IN THE POSITION TO TAKE CORRECTIVE STEPS BUT FAILED TO DO SO.

11.2 PLAINTIFF WILLIAMS, RAISED ANOTHER ISSUE AGAIN BECAUSE HE WAS DESIGNATED AS BEING PERMANENTLY VISION IMPAIRED, HE CLAIMED HE NEEDED MORE TIME TO READ THE CASES RELEVANT TO HIS POST-CONVICTION CLAIM OF RELIEF, HE STATED HE COULD NOT READ

FOR LONG PERIODS OF TIMES, AND NEEDS TO REST HIS EYES, BECAUSE READING FOR LONG PERIODS CAUSES HIS THE PRINT MATERIAL TO BECOME BLURRED, DEFENDANT E.S. ARNOLD, RESPONDED ON THE FIRST LEVEL OF REVIEW AND THAT HE PARTIAL GRANTED THE INMATE APPEAL STATING THAT PLAINTIFF WOULD CONTINUE TO RECEIVE THE ACCOMMODATIONS AS WAS ALREADY BEING PROVIDED, DEFENDANT E.S. ARNOLD, HAD ACTUAL KNOWLEDGE OF THE DISCRIMINATION AND WAS IN THE POSITION TO TAKE CORRECTIVE STEPS BUT FAILED TO DO SO, DEFENDANT KATHLEEN DICKINSON, WAS THE DEFENDANT TO MAKE REVIEW OF THE INMATE APPEAL ON THE SECOND LEVEL OF REVIEW, AND THAT SHE ALSO PARTIALLY GRANTED THE INMATE APPEAL STATING THAT THE APPELLANT WOULD CONTINUE TO RECEIVE AS STATED UNDER THE FINDINGS ON FIRST LEVEL OF REVIEW, DEFENDANT KATHLEEN DICKINSON, HAD ACTUAL KNOWLEDGE OF THE DISCRIMINATION AND WAS IN THE POSITION TO MAKE CORRECTIVE STEPS BUT FAILED TO DO SO .

11.3 PLAINTIFF WILLIAMS, CAUSED TO BE SUBMITTED ANOTHER INMATE APPEAL SEEKING REDRESS OF GRIEVANCES IN WHICH HE CLAIMED THAT HE COULD NOT READ FOR LONG PERIODS OF TIMES AND THAT HE HAD TO REST HIS EYES BECAUSE THE PRINT MATERIAL WOULD BECOME BLURRED, AND THAT HE WAS SEEKING REASONABLE ACCOMMODATIONS SUCH AS UTILIZATION OF THE PAGING SLIP REQUEST SYSTEM THAT WAS BEING OFFERED TO INMATES IN CLOSED UNITS, THE REQUEST FOR REASONABLE ACCOMMODATIONS WERE DENIED ON ALL LEVELS OF REVIEW WHICH GIVES RISE TO THIS COMPLAINT.

XII

THE STATE OF CALIFORNIA AND OTHER  DEFENDANT'S HISTORY

CONCERNING THE

AMERICANS WITH DISABILITY ACT

(a) THAT THE STATE OF CALIFORNIA ADMINISTERS ITS JUDICIAL FUNCTIONS IN THE COUNTY COURTHOUSES OF EACH OF THE COUNTIES OF THIS STATE.  AS A PART OF THAT FUNCTION, THE STATE OF CALIFORNIA PROVIDES SERVICES THROUGH THESES BUILDING TO ALL OF THE CITIZENS AND OTHERS.  IT IS THESES BUILDING THAT ARE VIRTUALLY TRIAL LEVEL

Page 28 of  41

JUDICIAL PROCEEDINGS, EXCEPT FOR THE COURT OF APPEAL AND/OR CALIFORNIA SUPREME COURT, PROCEEDINGS WHICH ARE CIVIL, OR CRIMINAL IN NATURE . IN ADDITION THESE BUILDING WHERE THE COURTS ARE LOCATED MAINTAIN COURT RECORDS, AS A PART OF THESE PROCEEDINGS INDIVIDUALS ARE CALLED UPON TO PARTICIPATE AS PARTIES IN THE CIVIL AND CRIMINAL PROCEEDINGS, OR PARTICIPATE AS WITNESSES AND THAT THE INDIVIDUALS ARE REQUIRED TO SATISFY THE INITIAL BURDEN OF PLEADING AND REQUIRED TO PRESENT ADEQUATE GROUNDS FOR RELIEF IN APPLICATIONS OF POST CONVICTION PETITION OR OTHER COLLATERAL ATTACKS ON THEIR CRIMINAL CONVICTIONS THE PETITIONS MUST STATE FULLY WITH PARTICULARITY THE FACTS IN WHICH RELIEF IS SOUGHT AS WELL AS INCLUDE REFERENCES TO PERTINENT PORTIONS OF THE TRIAL TRANSCRIPTS TO SUPPORT THEIR CLAIMS FOR RELIEF BY AFFIDAVITS AND/OR COURT TRANSCRIPTS OF PRIOR COURT PROCEEDINGS, AND TO HAVE ACCESS TO THE RECORDS FILES MAINTAINED BY THE COURTS WHICH INCLUDES BUT NOT LIMITED TO THE NORMAL RECORD ON APPEAL AND TO HAVE A FUNDAMENTAL RIGHT UNDER THE CALIFORNIA STATE CONSTITUTION TO PARTICIPATE AND VIEW THE JUDICIAL PROCEEDINGS THAT ARE CONDUCTED IN THOSE COURTROOMS.

(b) THAT LIKE SACRAMENTO, LASSES, SAN FRANCISCO COUNTIES AND THE OTHER NAMED DEFENDANTS, THE STATE OF CALIFORNIA IS REQUIRED TO CONFORM TO THE DEPARTMENT OF JUSTICE REGULATIONS FOUND AT 28 C.F.R. PART 35 AND IS REQUIRED TO DO AN EVALUATION OF THE FACILITIES IN WHICH ITS SERVICES ARE RENDERED

(c) THAT DESPITE THIS EVALUATION PROCESS AND THE REQUIREMENT OF THE ADA, THE STATE OF CALIFORNIA PERSIST IN REQUIRING PLAINTIFF WILLIAMS, TO PARTICIPATE IN SERVICES AND PROCEEDINGS THAT FAIL TO COMPLY WITH THE LAW OR ALTERNATIVELY NOT ALLOW HIM MEANIFUL ACCESS TO THE COURTS BY NOT PROVIDING REASONABLE ACCOMMODATIONS THAT WOULD MAKE THE SERVICES OR PROCEEDINGS BEING OFFERED TO OTHER CITIZENS OF THE STATE AND COUNTY WHO ARE NOT INDIVIDUALS WITH A DISABILITY EQUAL. THIS WAS DESPITE THE FACT THAT THE OFFICIALS OF THE STATE OF

CALIFORNIA WERE REPEATEDLY CONFRONTED WITH THE STATE AND COUNTY'S FAILURE
TO COMPLY WITH THE ADA. THE STATE OF CALIFORNIA HAS REPEATEDLY FAILED TO
COMPLY WITH THE LAW. SPECIFICALLY PLAINTIFF WILLIAMS, RAISED THE ADA ISSUE
DURING PRETRIAL OF THE STATE CRIMINAL COURT PROCEEDINGS AND PRIOR TO
COMMENCEMENT OF THE STATE CRIMINAL TRIAL PROCEEDINGS AND BEFORE AND DURING
THE APPEAL PROCESS OF THE STATE CRIMINAL TRIAL CONVICTION AND AT EVERY STATE
OF CALIFORNIA CORRECTIONAL INSTITUTION, WHERE THE PLAINTIFF HAS BEEN CONFINED
AND DEPRIVED OF HIS LIBERTY WHICH HAS BEEN OF NO AVAIL THAT GIVES RISE TO THIS
COMPLAINT.

(c) THAT THE STATE OF CALIFORNIA AND THE OTHER NAMED DEFENDANTS PERSIST ON
CONDUCTING THEIR JUDICIAL PROCEEDINGS IN A MANNER THAT DO NOT CONFORM TO THE
REQUIREMENTS OF THE ADA AND AS SUCH DENY THIS PLAINTIFF THE RIGHT TO
MEANIFULLY PARTICIPATE IN THE JUDICIAL PROCEEDINGS, OF THIS STATE AS CONDUCTED
IN THE COUNTY COURTHOUSE OF THE RESPECTIVE COUNTIES. SPECIFICALLY
SACRAMENTO, LASSEN, SAN FRANCISCO, COUNTIES DO NOT COMPLY WITH ACCESS
REQUIREMENT OF THE ADA.

(d) THE ADA WAS ENACTED TO ENFORCE THE PROHIBITION ON IRRATIONAL DISABILITY
DISCRIMINATION BUT IT ALSO SEEKS TO ENFORCE A VARIETY OF OTHER BASIC
CONSTITUTIONAL GUARANTEES, INFRINGEMENTS OF WHICH ARE SUBJECT TO MORE , THESE
RIGHTS INCLUDE SOME, LIKE THE RIGHT OF ACCESS TO THE COURTS AT ISSUE IN THIS CASE
THAT ARE PROTECTED BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT .
THE DUE PROCESS CLAUSE OF THE SIXTH AMENDMENT AS APPLIED TO THE STATES VIA THE
FOURTEENTH AMENDMENT BOTH GUARANTEE TO A CRIMINAL DEFENDANT SUCH AS
PLAINTIFF WILLIAMS, THE RIGHT TO VIEW THE PARTICIPANTS IN THE COURTROOM AS
WELL AS THE EXHIBITS USED BY THE PROSECUTION AND/OR HAVE THE ABILITY TO ACCESS
THE COURT'S RECORDS AND FILES MAINTAINED BY THE COURTS WHICH INCLUDE BUT NOT
LIMITED TO THE NORMAL RECORD ON APPEAL WHICH REQUIRES THE STATE TO MAKE

MODIFICATION OF PRINT MATERIAL IN A MODE THAT IS LEAST RESTRICTIVE,  THE DUE

PROCESS CLAUSE ALSO REQUIRES THE STATE TO AFFORD CERTAIN CIVIL LITIGANTS A

MEANINGFUL OPPORTUNITY TO BE HEARD BY REMOVING OBSTACLES TO THEIR FULL

PARTICIPATION IN JUDICIAL PROCEEDINGS,

XIII

STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS

AND REHABILITATION PROCEDURAL HISTORY

CONCERNING ACCESS TO THE PRISON LAW LIBRARIES

TO UNDERSTAND THE MIND SET OF THE PRISON OFFICIALS REGARDING NOT PROVIDING

ADEQUATE LEGAL ASSISTANCE MUCH LITIGATION HAS EVOLVED,  FIRST CAME THE

GILMORE CASE WHICH WAS  AMONG THE FIRST GENERATION OF PRISON CONDITIONS CASES

IN WHICH THE CALIFORNIA SUPREME RECOGNIZED AND ENFORCED MINIMUM

CONSTITUTIONAL GUARANTEES IN THE PRISON SETTING.  THE CASE BEGAN AS A

CONSOLIDATION OF NUMEROUS ACTIONS FILED BY PRISONERS IN FACILITIES

ADMINISTERED BY THE DEFENDANT CDCR See GILMORE v.  LYNCH, 319 F.  Supp.105 (N.D.CAL.

1970) CONSOLIDATED CASES), ON REMAND FROM, GILMORE v.  LYNCH 400 F.2D 228,231(9TH Cir.

1968).; (REVERSING DISTRICT COURT'S DETERMINATION THAT THE CASE DID NOT PRESENT

SUBSTANTIAL QUESTION OF CONSTITUTIONAL LAW REQUIRING CONSIDERATION BY THREE

JUDGE COURT UNDER 28 U.S.C.§2281).  COLLECTIVELY THE PRISONERS CHALLENGED

REGULATIONS OF THE THEN NAMED CALIFORNIA DEPARTMENT OF CORRECTIONS (CDC),

RESTRICTING ACCESS TO LAW BOOKS, LEGAL MATERIALS AND LAY ASSISTANCE IN

PREPARING FILING THE COURT SUBSEQUENTLY DISMISSED THE CASE AND THE PRISONERS

APPEALED AND CONSEQUENTLY A CONSENT DECREE WAS ENTERED INTO BY THE PARTIES.

THERE WAS NO FURTHER ACTION IN THE CASE FOR SEVENTEEN YEARS CDC PRESUMABLY

MAINTAINED IT'S LIBRARIES IN ACCORDANCE WITH THE (1972) ORDER.  ON OR ABOUT   IN

JULY 1997, HOWEVER THE DEPUTY OF DIRECTOR OF THE INSTITUTIONS DIVISION  OF THE

CDC CIRCULATED A MEMORANDUM TO ALL LIBRARY STAFF ORDERING THEM TO DELAY

Page 31 of  41

THE PROCESSING OF ORDERS FOR UPDATES OF THE CURRENT COLLECTIONS OF LAW BOOKS
AND TO PROCESS ONLY THOSE ORDERS FOR LAW BOOKS ON AN ATTACHED LIST.  THE
MEMORANDUM ADDED THAT IN VIEW OF LEWIS v. CASEY, 519 U.S. 343, 116 S.Ct.  2174, 135 LED
2d. 606(1996)THE CDC PLANNED TO CHANGE EXISTING REGULATIONS REGARDING THE LAW
LIBRARIES AND TO CREATE A NEW LAW LIBRARY COLLECTION WHICH WOULD BE
DIFFERENT AND SMALLER THAN THE CURRENT COLLECTION.  THE LIST OF BOOKS
ATTACHED TO THE MEMORANDUM DEVIATED SHARPLY  FROM THE LIST OF BOOKS
REQUIRED TO BE KEPT CURRENT UNDER THE (1972), ORDER.  MOST PROMINENTLY THE LIST
PROVIDED FOR NO ANNOTATE STATE OR FEDERAL CODES AND NO CASE REPORTERS.
TWO DAYS AFTER THE MEMORANDUM, DEFENDANTS FILED A MOTION TO TERMINATE THE
(1972),ORDER AND OTHER SUPPLEMENTAL ORDERS IN THE ACTION, PURSUANT TO THE
TERMINATION PROVISIONS OF THE PRISON LITIGATION REFORM ACT,(PLRA), .  THE
DISTRICT COURT UPHELD THE CONSTITUTIONALITY OF THE ACT DECLINED TO CONDUCT AN
EVIDENTIARY HEARING ON THE CURRENT CONDITIONS IN THE LAW LIBRARIES AND
TERMINATED THE (1972) ORDER.
PRISONER GILMORE APPEALED THE TERMINATION, SEE CILMORE V.  PEOPLE OF THE STATE
OF CALIFORNIA 220 F.3d 987 (9TH Cir.  2001).  THE UNITED STATES COURT OF APPEALS
REVERSED THE TERMINATION OF THE PROSPECTIVE RELIEF AND REMANDED FOR FURTHER
PROCEEDINGS CONSISTENT WITH IT'S ORDER.  NO OTHER INFORMATION IS AVAILABLE TO
THIS PLAINTIFF AT THE TIME OF THESE PLEADING REGARDING TERMINATION OF THE
PROSPECTIVE RELIEF NEVERTHELESS THE DEFENDANTS CDC NOW NAMED CDCR ON OR
ABOUT DECEMBER 2005, THE  DEFENDANTS HAVE  WENT VIRTUAL COMPUTERS AND
ORDERED REMOVAL OF ALL LAW BOOKS FROM THE LAW LIBRARIES EACH INDIVIDUAL
PRISON MAINTAINED LOCAL OPERATIONAL GUIDELINES IN REGARDS TO INMATES ACCESS
TO THE COMPUTES WHICH ON THE MOST PART AFFORDED AN INMATE IF HE HAD A
DEADLINE TO ACCESS THE LAW LIBRARY AT THE MINIMUM OF TWO HOURS PER WEEK, AND
THAT SAID LOCAL PROCEDURAL GUIDELINES WERE NOT A VALID REGULATION IN LIGHT OF

THE FACT THAT DEFENDANTS DID NOT COMPLY WITH THE STATE OF CALIFORNIA'S

ADMINISTRATIVE PROCEDURAL ACT WHICH DETERMINES WHETHER OR NOT AN ACTION OR

ENACTMENT BY A STATE AGENCY COMPLIES WITH CALIFORNIA ADMINISTRATIVE LAW

GOVERNING HOW STATE AGENCIES ADOPT REGULATIONS, IT SHOULD BE FURTHER NOTED

AS IS STATED BEFORE THE COMPUTERS PROVIDED ONLY HAD THE CAPACITY TO ENHANCE

TO 18 FONT,  IN ADDITION, ON OR ABOUT OCTOBER 15, 2009, THE DEFENDANTS ADOPTED A

FORMAL POLICY AND  FILED WITH THE OFFICE OF ADMINISTRATIVE LAW PURSUANT TO THE

ADIMINSTRRATIVE PROCEDURAL ACT A  PROPOSED REGULATION AMONG OTHER GROUNDS

INCREASING THE MINIMUM OF 4 HOURS PER CALENDAR WEEK FOR ACCESS TO THE LAW

LIBRARIES  SAID REGULATION WAS ADOPTED ON OR ABOUT APRIL 15, 2010, WHICH THIS

PLAINTIFF ASSERTS AND ALLEGES  IS INADEQUATE BECAUSE SAID REGULATION DOES NOT

MINIMIZE THE CONDITION THAT PREVENT  MEANIFUL  ACCESS TO THE COURTS INSOFAR AS

IT FAILS TO ALLOW REASONABLE AMOUNT OF TIME TO USE THE PRISON LAW LIBRARY

WHERE HE THE PLAINTIFF IS SUPPOSE TO ACCESS THOSE AUXILIARY AIDS TO ASSIST HIM

WITH OBTAINING EFFECTIVE COMMUNICATION IN ADDITION TO THE FACT THAT EXPERTS

IN THE FIELD OF LAW FOUND IT WORTHY OF MENTION THAT A PRISONER OUGHT TO BE

PROVIDED AT THE MINIMUM OF 10 HOURS PER WEEK OF ACTUAL USE OF PRISON LAW

LIBRARY WHICH DEMONSTRATES A MINIMUM CONSTITUTIONAL STANDARD OF

REASONABLE ACCESS TO THE COURTS. AND THAT THE FEDERAL STATUTE (AEDPA) FOR THE

FIRST  TIME IMPOSES TIME RESTRAINTS ON A INDIVIDUAL  WHO HAVE A NEED,

RESPONSIBILITY, DESIRE TO ATTACK HIS CRIMINAL CONVICTION BY WAY OF PETITION OF

WRIT FOR HABEAS CORPUS, OR OTHER COLLATERAL ATTACKS,

### FIRST CAUSE OF ACTION

(a) THAT THE STATE OF CALIFORNIA AND SACRAMENTO, LESSEN, SAN FRANCISCO COUNTIES

HAVE DISCRIMINATED AGAINST PLAINTIFF WILLIAMS, IN THAT THEY HAVE EXCLUDED HIM

FROM THE PARTICIPATION IN, OR DENIED HIM THE BENEFIT OF, THE SERVICES OF ITS

COURT SYSTEMS IN VIOLATION OF 42 U.S.C. 12132

(b) THAT THE STATE OF CALIFORNIA AND SACRAMENTO, LASSEN, AND SAN FRANCISCO COUNTIES, KNOWINGLY AND INTENTIONALLY CONTINUE TO DISCRIMINATE AGAINST PLAINTIFF WILLIAMS, WHO HAVE A NEED, RESPONSIBILITY, OR DESIRE TO PARTICIPATE IN THE JUDICIAL PROCESS OF THIS STATE AS IT IS CONDUCTED IN THE COURTHOUSES OF THIS STATE IN THAT THEY CONDUCT THEIR JUDICIAL PROCEEDINGS THAT ARE NOT IN CONFORMANCE WITH THE REQUIREMENTS OF THE ADA. FURTHER, THERE MAY BE OTHER COUNTIES OF THIS STATE THAT HAVE FAILED TO FULLY COMPLY WITH THE REQUIREMENTS OF THE ADA.

(c) THAT THE STATE OF CALIFORNIA, SACRAMENTO COUNTY, LASSEN COUNTY, SAN FRANCISCO COUNTY, COUNTIES SPECIFICALLY, AND THE OTHER ABOVE NAMED DEFENDANTS GENERALLY HAVE DISCRIMINATED AGAINST THE PLAINTIFF WILLIAMS, IN THAT THEY HAVE EXCLUDED HIM FROM PARTICIPATION IN THE SERVICES OFFERED BY THEM AT THE COURTHOUSES AND ACCESS TO THE COURT PROCEEDINGS OF THE STATE BY FAILING TO ELIMINATE OBSTACLES OF PRINT MODE OF COMMUNICATIONS TO HIS PARTICIPATION IN THE JUDICIAL PROCESS OF THE STATE IN VIOLATION OF 42 U.S.C. 12132.

(d) THAT THE ACTION OF THE STATE OF CALIFORNIA AND SACRAMENTO COUNTY, LASSEN COUNTY, AND SAN FRANCISCO COUNTY, AND THE OTHER NAMED DEFENDANTS WERE CONSCIOUS, DELIBERATE, AND INTENTIONAL IN THEIR ACTIVE DISCRIMINATION AGAINST PLAINTIFF WILLIAMS, AND THAT SACRAMENTO COUNTY, LASSEN COUNTY, SAN FRANCISCO COUNTY, AND CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION IT'S AGENTS AND THE COUNTIES'S CONSISTENT INSISTENCE IN CONTINUING LIMITING PLAINTIFF WILLIAMS TO ONLY PRINT MODE OF COMMUNICATION AND A DENIAL OF A MINIMUM CONSTITUTIONAL STANDARD OF ACTUAL USE OF THE PRISON LAW LIBRARY WHERE HE PLAINTIFF IS TO ACCESS AUXILIARY AIDS TO ASSIST HIM IN THE PREPARATION OF PETITION OF WRIT FOR HABEAS CORPUS AND OTHER COLLATERAL ATTACKS ON HIS CRIMINAL CONVICTION AND THAT WITHOUT DELAY OF THE PROCEEDING IN ADJUDICATING PETITION

FOR RELIEF REGARDING COLLATERAL ATTACKS ON CRIMINAL CONVICTION WITH FULL
KNOWLEDGE OF PLAINTIFF'S DISABILITY AND WITH THEIR KNOWLEDGE OF THE
REQUIREMENTS TO CONFORM TO THE ADA.

(e) THAT IN THE ALTERNATIVE, THE ACTIONS OF THE STATE OF CALIFORNIA AND THE SAID
COUNTIES AND THE CALIFORNIA STATE DEPARTMENT OF CORRECTIONS AND
REHABILITATION AND IT'S AGENTS WERE KNOWING AND RESULTED FROM THE
NEGLIGENCE IN COMPLYING WITH THE LAW .

(f) THAT THE RESULT OF THE DEFENDANTS ACTIONS PLAINTIFF WILLIAMS, HAS SUFFERED
DAMAGES IN THE FORM OF EXTREME EMBARRASSMENT AND HUMILIATION AND ANXIETY
AND THE INJURY OF  LOST CAUSE OF ACTION REGARDING CLAIMS THAT COULD HAVE BEEN
TIMELY BROUGHT IN POST CONVICTION REQUEST FOR RELIEF COLLATERAL
OTHER  AL ATTACK ON PLAINTIFF WILLIAMS, CRIMINAL CONVICTION AND THE
HUMILIATION IN ATTEMPTING TO GAIN EFFECTIVE COMMUNICATION WHICH WOULD
PERMIT ACCESS TO THE COURTS.  AND NOT BEING ABLE TO BE ACCOMMODATED.

### SECOND CAUSE OF ACTION

PLAINTIFF WILLIAMS, REALLEGES AND INCORPORATES BY  REFERENCE HEREIN THE
ALLEGATIONS OF PARAGRAPHS 6.1 THROUGH 11.3

(a) THAT THE STATE  OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION
A DULY ORGANIZED AND RECOGNIZED AGENCY OF THE STATE OF CALIFORNIA  AND
DEFENDANTS MATTHEW CATES, M.D. McDONALD, R.L. GLOVER, S.M. ROCHE, J. KIRCH., KEN
CLARK, R. FISHER, M. JONES, A. ENENMOH, M. VELLA, G. MARTINEZ, L. POLK, P. MEDVED,
Ms. LIMA, L.T.A., KATHLEEN L. DICKINSON, E.S. ARNOLD, P. MANDEVILLE, J. JACKSON, Y.
CHENG, L. SANCHEZ, N. GRANNIS, D. POSTON, HAVE DISCRIMINATED AGAINST PLAINTIFF
WILLIAMS, IN THAT THEY EXCLUDED HIM FROM THE PARTICIPATION IN OR DENIED HIM
THE BENEFIT OF THE SERVICES OF REASONABLE ACCOMMODATION FOR PERSON WITH A
DISABILITY IN VIOLATION OF 42 U.S.C. 12132.

(b) THAT THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION A DULY

ORGANIZED AND RECOGNIZED AGENCY OF THE STATE OF CALIFORNIA AND THE HEREIN

ABOVE MENTIONED NAMED DEFENDANTS, KNOWILY AND INTENTIONALLY CONTINUE TO

DISCRIMINATE AGAINST PLAINTIFF WILLIAMS, WHO HAVE A NEED, RESPONSIBILITY OR

DESIRE TO PARTICIPATE IN JUDICIAL PROCESS OF THIS STATE IN THAT THEY CONDUCT THE

JUDICIAL PROCEEDINGS OF EVALUATING PETITIONS OF WRITS FOR HABEAS CORPUS, AND

OTHER COLLATERAL ATTACKS ON INDIVIDUALS CRIMINAL CONVICTIONS AND THAT THE

HEREIN ABOVE DEFENDANTS ARE NOT IN CONFORMANCE WITH THE REQUIREMENTS OF

ADA.

FURTHER THERE MAY BE OTHER PRISON INSTITUTIONS UNDER THE CARE OF THE

DEFENDANT THE STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND

REHABILITATION IN THIS STATE THAT HAVE FAILED TO FULLY COMPLY WITH THE

REQUIREMENTS OF ADA.

(c) THAT THE STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION ,

AND THE HEREIN ABOVE NAMED DEFENDANTS GENERALLY HAVE DISCRIMINATED AGAINST

THE PLAINTIFF WILLIAMS, IN THAT THEY HAVE EXCLUDED HIM FROM PARTICIPATION IN

THE SERVICES OFFERED BY THEM THROUGH THE LAW LIBRARIES AND SERVICES OFFERED

BY PRIVATE PARTIES THAT MAINTAIN A JOINT VENTURE WITH THE DEFENDANT THE STATE

OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION IN TRANSCRIBING

PRINT MATERIAL ON AUDIO CASSETTE TAPE AND THAT THEY HAVE EXCLUDED HIM FROM

THE PARTICIPATION OF ACCESSING CASE LAW AND CODE SECTIONS OF PUBLISHED COURT

DECISIONS BY FAILING TO PROVIDE 5 X MAGNIFICATION OF PRINT MATERIAL FOR

EFFECTIVE COMMUNICATION AS WAS RECOMMENDED BY A PROPERLY TRAINED AND

LICENSED MEDICAL DOCTOR.

(d) THAT THE ACTION OF THE STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND

REHABILITATION AND THE HEREIN ABOVE NAMED DEFENDANTS WERE CONSCIOUS,

DELIBERATE, AND INTENTIONAL IN THEIR ACTIVE DISCRIMINATION AGAINST PLAINTIFF

WILLIAMS, AND THAT THE DEFENDANT STATE OF CALIFORNIA DEPARTMENT OF

CORRECTIONS AND REHABILITATION AND THE HEREINABOVE NAMED DEFENDANTS CONSISTENT INSISTENCE IN CONTINUING LIMITING PLAINTIFF WILLIAMS, TO ONLY PRINT MODE OF COMMUNICATION AND A DENIAL OF A MINIMUM CONSTITUTIONAL STANDARD OF ACTUAL USE OF THE PRISON LAW LIBRARY AND WITHOUT DELAY IN REQUIRING THAT THE PLAINTIFF WILLIAMS, SUBMIT PETITION OF WRIT FOR HABEAS CORPUS OR OTHER COLLATERAL ATTACK ON HIS CRIMINAL CONVICTION WITH FULL KNOWLEDGE OF PLAINTIFF'S DISABILITY AND WITH THEIR KNOWLEDGE OF THE REQUIREMENTS TO CONFORM TO THE ADA.

(e) THAT IN THE ALTERNATIVE, THE ACTION OF THE DEFENDANT STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION AND OTHER ABOVE NAMED DEFENDANTS, WERE KNOWING, AND RESULTED FROM THE NEGLIGENCE IN COMPLYING WITH THE LAW.

(f) THAT THE RESULT OF THE DEFENDANT ACTION PLAINTIFF WILLIAMS, HAS SUFFERED DAMAGES IN THE FORM OF EXTREME EMBARRASSMENT AND HUMILIATION AND ANXIETY AND THE INJURY OF LOST CAUSE OF ACTION REGARDING CLAIMS THAT COULD HAVE BEEN TIMELY PRESENTED IN THIS STATE COURT PROCEEDINGS. CONCERNING PLAINTIFF WILLIAMS, POST CONVICTION REQUEST FOR RELIEF AND THE HUMILIATION IN ATTEMPTING TO GAIN EFFECTIVE COMMUNICATION AND ACCESS TO THE COURTS WHICH WOULD HAVE BEEN ACHIEVED BUT FOR NOT BEING PROVIDED WITH REASONABLE ACCOMMODATIONS AND A MINIMUM CONSTITUTIONAL STANDARD OF ACTUAL ACCESS TO THOSE AUXILIARY AIDS MADE AVAILABLE THROUGH THE PRISON LAW LIBRARIES.
AT ALL TIMES HEREIN MENTIONED THESE DEFENDANTS WERE ACTING UNDER THE COLOR OF STATE LAW, IN THE COURSE AND SCOPE OF THEIR EMPLOYMENT, AND ARE SUED HEREIN IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES.

### THIRD CAUSE OF ACTION

DEFENDANTS HAVE DENIED PLAINTIFF WILLIAMS, HIS EIGHTH AMENDMENT RIGHTS TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT IN THE FORM OF DEPRIVATION OF A

MINIMAL NECESSITY OF PRISON LIFE OF ACTUAL USE OF THE PRISON LAW LIBRARY BY INTENTIONALLY FAILING TO PROVIDE A MINIMUM CONSTITUTIONAL STANDARD OF ACTUAL USE OF THE PRISON LAW LIBRARY WHILE THEY HAVE BEEN AWARE OF THE SUBSTANTIAL RISK OF HARM BUT FOR THEIR DELIBERATE INDIFFERENCE AND THEIR ACTION TO INTENTIONAL FAILED TO ABATE THE POTENTIAL HARM THAT THE PLAINTIFF HAS BEEN AND IS CURRENTLY EXPOSED TOO, IN ADDITION TO THE DUE PROCESS LIBERTY INTEREST CREATED BY FEDERAL STATUTE HEREIN (AEDPA ); WHICH ALSO BROUGHT INTO EXISTENCE THE NECESSITATION OF A PRISON LIFE NECESSITY OF A MINIMUM CONSTITUTIONAL STANDARD OF ACTUAL USE OF THE PRISON LAW LIBRARY AND FAILING TO NOT PROVIDE THUS DENYING A BASIC HUMAN NEED GUARANTEED TO PRISONERS BY THE UNITED STATES CONSTITUTION .

IN DOING AS ALLEGED HEREINABOVE DEFENDANTS ACTED WITH DELIBERATE INDIFFERENCE TO PLAINTIFF WILLIAMS, PERSONAL LEGAL NEEDS AND SUBJECT HIM TO UNNECESSARY AND WANTON INFLICTION OF PAIN, INCLUDING LOST OF CAUSE OF ACTION, AND PSYCHOLOGICAL AND EMOTIONAL DISTRESS AND ANIEXTY, IN VIOLATION OF HIS RIGHTS UNDER THE EIGHTH AMENDMENT, SPECIFICALLY, DEFENDANT M.D. McDONALD, DEFENDANT KEN CLARK, DEFENDANT KATHLEEN L. DICKINSON, ADOPTED INDIVIDUAL INSTITUTIONAL LOCAL OPERATIONAL POLICIES REGARDING PERMITTING INMATES ACCESS TO PRISON LAW LIBRARIES, INTENTIONALLY FORMULATING A REGULATION THAT DID NOT AFFORD SUFFICIENT TIME TO USE THE PRISON LAW LIBRARY AND THAT SAID REGULATION FAILED TO RECOGNIZE THE TIME RESTRAINT OF THE (AEDPA ) ONLY 30 DAYS BEFORE IT'S EXPIRATION DATE AND THAT SAID REGULATION LIMITED ACCESS TO AUXILIARY AIDS FOR VISIONUALLY IMPAIRED INMATES TO ONLY TIME PRISON OFFICIALS PROVIDED UNREASONABLE AND UNSUITABLE USE OF THE PRISON LAW LIBRARY, AND THAT DEFENDANT DID FASHIONED REGULATION DELIBERATELY INDIFFERENT TO PLAINTIFF WILLIAMS, RIGHTS NEEDS, RESPONSIBILITY AND DESIRE TO KNOW THE LEGAL RULES CONCERNING VENUE, JURISDICTION, EXHAUSTION OF REMEDIES, AND PROPER PARTIES

Page 38 of 41

RESPONDENT, AND TO KNOW WHICH FACTS ARE LEGALLY SIGNIFICANT AND MERIT

PRESENTATION TO THE COURTS, AND WHICH FACTS ARE IRRELEVANT OR CONFUSING, AND

WHEN THE RETURN IS FILED WHICH IS NEVER WITHOUT THE ABUNDANCE OF POINTS AND

AUTHORITIES AND THEN THE PRISONER MUST FILE A PROPER TRAVERSE, THE DEFENDANTS

WHEN THEY INDIVIDUALLY DRAFTED AND APPROVED THE REGULATION, KNOWINGLY AND

MALICIOUSLY AND INFLICTED INJURIES AND HUMILIATION AND ANIEXTY ON PLAINTIFF

WILLIAMS, BY CAUSING PLAINTIFF WILLIAMS, TO LOSE A CAUSE OF ACTION AND BY

DISCRIMINATING AGAINST PLAINTIFF WILLIAMS, ON THE BASIC OF HIS DISABILITY AND

EXCLUDING PLAINTIFF WILLIAMS, FROM FULL PARTICIPATION OF PREPARATION IN HIS

NEED, RESPONSIBILITY, DESIRE TO ATTACK HIS CRIMINAL CONVICTION, AND FROM FUTURE

THREATENING CONDITIONS THAT PREVENT ADEQUATE OPPORTUNITY TO PRESENT HIS

CLAIMS AND TO PROPER PREPARE LEGAL WORK PRODUCT.

### FOURTH CAUSE OF ACTION

PLAINTIFF WILLIAMS, SEEKS A PERMANENT INDUCTION ENJOINING THE DEFENDANTS AND

EACH OF THEIR AGENTS, EMPLOYEES, AND SUCCESSORS FROM CONTINUING THEIR POLICY

PRACTICE AND REGULATION PRESENT AND ONGOING PROHIBITING PLAINTIFF FROM

ASCERTAINMENT OF A MINIMUM CONSTITUTIONAL STANDARD OF ACTUAL USE OF THE

PRISON LAW LIBRARY WHERE PRISON OFFICIALS ONLY MAKE AVAILABLE AUXILIARY AIDS

TO ASSIST THE PLAINTIFF FOR EFFECTIVE COMMUNICATION WITH THE COURT, IN ADDITION

PLAINTIFF SEEKS THE NORMAL RECORD ON APPEAL TO BE TRANSCRIBED ON AUDIO TAPE AS

A REASONABLE ACCOMMODATION FOR PERSON WITH A DISABILITY PURSUANT TO THE ADA

LAW.

### REQUEST FOR RELIEF

**WHEREFORE,** PLAINTIFF WOULD HEREBY REQUEST ACCORDILY BASED ON THE FIRST

CAUSE OF ACTION THAT THIS HONORABLE COURT :

1. RENDER JUDGMENT AGAINST THE STATE OF CALIFORNIA AND SACRAMENT COUNTY,

LASSES COUNTY, AND SAN FRANCISCO COUNTY, AND THE CALIFORNIA DEPARTMENT OF

CORRECTIONS AND REHABILITATION AND IT'S AGENTS FOR THE DAMAGES FOR THE
PLAINTIFF WILLIAMS'S HUMILIATION AND EMBARRASSMENT DURING THE COURSE AN
ACTIVITY OF THE CRIMINAL COURT PROCEEDINGS DURING THE COURSE AN ACTIVITY OF
THE APPEAL PROCESS, AND DURING THE COURSE AN ACTIVITY OF THE POST CONVICTION
COLLATERAL ATTACK ON THE CRIMINAL CONVICTION IN THE AMOUNT NOT TO EXCEED
$ 500,000.00 FIVE HUNDRED THOUSAND DOLLARS AND NO CENTS, PURSUANT TO THE
PROVISIONS OF 42 U.S.C. 12133 AND 29 U.S.C. 794a. .

PLAINTIFF WOULD HEREBY REQUEST ACCORDILY BASED ON THE
SECOND CAUSE OF ACTION THAT THIS HONORABLE COURT :

1. RENDER JUDGMENT AGAINST DEFENDANT THE STATE OF CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION, DEFENDANT MATTHEW CATES, DEFENDANT M.D.
McDONALD, DEFENDANT R.L. GLOVER, DEFENDANT S.M. ROCHE, DEFENDANT KEN CLARK,
DEFENDANT R. FISHER, DEFENDANT M. JONES, DEFENDANT A. ENENMOH, DEFENDANT M.
VELLA, DEFENDANT G. MARTINEZ, DEFENDANT L. POLK, DEFENDANT P. MEDVED,
DEFENDANT LIMA, L.T.A., DEFENDANT KATHLEEN L. DICKINSON, DEFENDANT E.S. ARNOLD,
DEFENDANT P. MANDEVILLE, DEFENDANT J. JACKSON, DEFENDANT Y. CHENG, DEFENDANT
L. SANCHEZ, FOR THE DAMAGES FOR THE PLAINTIFF WILLIAMS'S HUMILIATION AND
EMBARRASSMENT DURING THE COURSE AN ACTIVITY SEEKING REASONABLE
ACCOMMODATIONS IN ATTEMPT TO PREPARE HIS POST CONVICTION RELIEF, IN THE
AMOUNT NOT TO EXCEED $2.300,000.00 TWO MILLION THREE HUNDRED THOUSAND DOLLARS
AND NO/CENTS PURSUANT TO THE PROVISIONS OF 42 U.S.C. 12133 AND 29 U.S.C 794a.

PLAINTIFF WOULD HEREBY REQUEST ACCORDILY BASED ON THE
THIRD CAUSE OF ACTION THAT THIS HONORABLE COURT:

1. RENDER JUDGMENT AGAINST THE DEFENDANT M.D. McDONALD, DEFENDANT KEN CLARK,
DEFENDANT KATHLEEN L. DICKINSON AS A DIRECT AND PROXIMATE RESULT OF THE
DEFENDANTS ACTION HEREIN ALLEGED, PLAINTIFF WILLIAMS, SUFFERED, AND CONTINUES
TO SUFFER DEPRIVATION OF HIS SECURED AND PROTECTED UNITED STATES

CONSTITUTIONAL RIGHTS, PRIVILEGES , AN IMMUNITIES , FOR  COMPENSATORY DAMAGES

ACCORDING TO PROOF, AND FOR PUNITIVE DAMAGES ACCORDING TO PROOF, AND FOR

FURTHER RELIEF AS THE COURT DEEMS PROPER.

PLAINTIFF WOULD HEREBY REQUEST ACCORDLY BASED ON THE

FOURTH CAUSE OF ACTION THAT THIS HONORABLE COURT:

1. RENDER JUDGMENT ADJUDGE, DECREE AND DECLARE THE RIGHTS AND RELATIONS OF

THE PARTIES TO THE SUBJECT MATTER HEREIN CONTROVERSY, AND ORDER THAT SUCH

DECLARATION SHALL HAVE THE FORCE AND EFFECT OF A FINAL JUDGMENT AND THAT THIS

COURT ISSUE A PERMANENT INJUNCTION ENJOINING EACH OF THEM, THEIR AGENTS,

EMPLOYEES, AND SUCCESSORS AND ALL PERSONS IN ACTIVE CONCERT AND PARTICIPATION

WITH THEM IN DEPRIVING PLAINTIFF WILLIAMS, OF A MINIMUM CONSTITUTIONAL

STANDARD OF ACTUAL ACCESS TO THE PRISON LAW LIBRARIES WHERE HE PLAINTIFF

WILLIAMS, IS TO ACCESS THOSE AUXILIARY AIDS THAT ARE USE TO ACHIEVE EFFECTIVE

COMMUNICATION OR USE TO ASSIST HIM IN PREPARATION IN HIS POST CONVICTION

REQUEST FOR RELIEF.  AND THAT PLAINTIFF HAVE SUCH OTHER ADDITIONAL OR

ALTERNATIVE RELIEF AS MAY APPEAR TO THE COURT TO BE EQUITABLE .

Dated October 23, 2010.

RESPECTFULLY SUBMITTED

Kirk Douglas Williams Plaintiff In Propria Persona