1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KIRK DOUGLAS WILLIAMS,

11              Plaintiff,                    No. CIV S-10-2893 KJM JFM (TEMP) P

12        vs.

13   STATE OF CALIFORNIA, et al.,

14              Defendants.

15   _____/          ORDER

16              Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20              Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22              Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to

24   collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

25   Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

26   preceding month's income credited to plaintiff's prison trust account.  These payments will be

1

1    forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

2    account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3            The court is required to screen complaints brought by prisoners seeking relief

4    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

7    be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8    U.S.C. § 1915A(b)(1),(2).

9            A claim is legally frivolous when it lacks an arguable basis either in law or in

10   fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

11   28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12   indisputably meritless legal theory or where the factual contentions are clearly baseless.

13   Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

14   inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

15   639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

16           In order to avoid dismissal for failure to state a claim a complaint must contain

17   more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

18   of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other

19   words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

20   statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

21   claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.

22   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

23   draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129

24   S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be

25   granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

26   /////

1  (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.

2  Rhodes, 416 U.S. 232, 236 (1974).

3          The court finds the allegations in plaintiff's complaint so confusing, vague and

4  conclusory that it is unable to determine whether the current action is frivolous or fails to state a

5  claim for relief.  The court has determined that the complaint does not contain a short and plain

6  statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible

7  pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

8  succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

9  must allege with at least some degree of particularity overt acts which defendants engaged in that

10  support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of

11  Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to

12  file an amended complaint.  Plaintiff is informed as follows as to the contents of his amended

13  complaint, assuming plaintiff elects to file one.

14          In McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996), the Ninth Circuit Court

15  of Appeal upheld the dismissal of a complaint it found to be "argumentative, prolix, replete with

16  redundancy, and largely irrelevant.  It consists largely of immaterial background information."

17  The court observed the Federal Rules require that a complaint consist of "simple, concise, and

18  direct" averments.  Id.  As a model of concise pleading, the court quoted the standard form

19  negligence complaint from the Appendix to the Federal Rules of Civil Procedure:

20          1.  Allegation of jurisdiction.

21          2.  On June 1, 1936, in a public highway, called Boylston Street, in Boston
            Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was
22          then crossing said highway.

23          3.  As a result plaintiff was thrown down and had his leg broken, and was otherwise
            injured, was prevented from transacting his business, suffered great pain of body and
24          mind, and incurred expenses for medical attention and hospitalization in the sum of one
            thousand dollars.

25

26  /////

1    Wherefore plaintiff demands judgment against defendant in the sum of one thousand
2    dollars.

3    Id.

4         Phrased another way,  "Vigorous writing is concise."  William Strunk, Jr. & E.B.
5    White, The Elements of Style, § III, ¶ 13 <http://www.bartleby.com/141>.

6         Plaintiff's complaint suffers from many of the same problems as the pleading
7    dismissed in McHenry: there is much "'narrative rambling[]'" yet a marked lack of "notice of
8    what legal claims are asserted against which defendants."  Id. at 1176.  As in McHenry,
9    "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair
10   burdens on litigants and judges."  Id. at 1179.

11        In his complaint, plaintiff names several defendants without alleging how it is that
12   they violated plaintiff's federal rights.  If plaintiff files an amended complaint he must allege in
13   specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C.
14   § 1983 unless there is some affirmative link or connection between a defendant's actions and the
15   claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167
16   (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and
17   conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v.
18   Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

19        Plaintiff appears to assert claims which arose when he was a pretrial detainee and
20   concern his access to legal materials to assist him with his trial.  Plaintiff is informed that
21   in Heck v. Humphrey, 512 U.S. 477 (1994) the Supreme Court found that a § 1983 action that
22   would necessarily call into question the lawfulness of a plaintiff's conviction is not cognizable
23   unless the plaintiff can show his conviction has been reversed.  Id. at 486-87.  In his amended
24   complaint, plaintiff shall not include any claims that imply the invalidity of any conviction for
25   which plaintiff is currently serving a sentence, or for which plaintiff has a sentence yet to serve.
26   /////

4

1    In his amended complaint, plaintiff shall refrain from making frivolous statements

2    of the law.  For example, in paragraph 2.1, plaintiff asserts, among other things, that this action

3    arises under the Fifth and Sixth Amendments.  However, these amendments are, for the most

4    part, are only relevant in criminal proceedings and plaintiff does not point to anything suggesting

5    they are somehow relevant here.  If plaintiff is going to cite legal authority, he shall take care to

6    ensure that it is meaningfully applicable to this case.

7    Plaintiff is informed that the court cannot refer to a prior pleading in order to

8    make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

9    complaint be complete in itself without reference to any prior pleading.  This is because, as a

10   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

11   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

12   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

13   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

14   In a motion filed December 23, 2010, plaintiff asks that this action be stayed so

15   that he may exhaust administrative remedies with respect to certain claims.  Plaintiff fails to

16   point to any authority suggesting that a stay to allow exhaustion of administrative remedies is

17   appropriate.  Furthermore, exhaustion of administrative remedies generally must occur before a

18   civil action is filed.  McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002).  Plaintiff's

19   request for a stay will be denied.

20   In accordance with the above, IT IS HEREBY ORDERED that:

21   1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

22   2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

23   All fees shall be collected and paid in accordance with this court's order to the Director of the

24   California Department of Corrections and Rehabilitation filed concurrently herewitth.

25   3.  Plaintiff's complaint is dismissed.

26   /////

       4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of this order, the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

       5.  Plaintiff's December 23, 2010, motion for a stay is denied.

DATED: July 28, 2011.

UNITED STATES MAGISTRATE JUDGE

kc
will2893.14

6