IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIRK DOUGLAS WILLIAMS,

    Plaintiff,                      No. CIV S-10-2893 KJM CKD P

    vs.

STATE OF CALIFORNIA, et al.,

    Defendants.               FINDINGS & RECOMMENDATIONS

_____/

        By order filed July 29, 2011, plaintiff's complaint was dismissed and thirty days' leave to file an amended complaint was granted.  Plaintiff was granted additional extensions of time to file the amended complaint on October 26, 2011 and November 16, 2011.  By order filed December 28, 2011, plaintiff was granted a final thirty-day extension of time to file an amended complaint.  In that order, the court noted plaintiff's history of filing frivolous motions, and cautioned plaintiff that "no further extensions of time will be allowed."

        The thirty day period has now expired, and plaintiff has not filed an amended complaint.  Instead, he has continued his practice of filing pleadings that are not pertinent to issues before the court, are duplicative, or are not properly noticed for hearing.  The multiplicity of plaintiff's filings are a burden on the court.

\\\\\

1         Plaintiff's March 8, 2012 petition for writ of mandamus is a case in point. Pursuant to 28 U.S.C. § 1361, district courts "have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is an "extraordinary remedy." Miller v. French, 530 U.S. 327, 339 (2000). It is available to compel a federal official to perform a duty only if: (1) the plaintiff's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available. Patel v. Reno, 134 F.3d 929, 931 (9th Cir.1997). Even if this test is met, the district court still retains the discretion to deny relief. Johnson v. Reilly, 349 F.3d 1149, 1154 (9th Cir. 2003) (citation omitted). Here, plaintiff has frivolously filed a petition for writ of mandamus in an attempt to compel the court to revisit its earlier ruling on petitioner's frivolous motion to stay. This does not alter the fact that plaintiff has missed the final deadline for filing an amended complaint.

        Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed. See Local Rule 110; Fed. R. Civ. P. 41(b).

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. Plaintiff is advised that failure to file

\\\\\
\\\\\
\\\\\
\\\\\
\\\\\

1 objections within the specified time may waive the right to appeal the District Court's order.
2 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 12, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE